EUGENE EMLEY v. JAMES H. PERRINE.

In an action of *assumpsit,* in which plaintiff's cause of action was grounded upon a non-negotiable due bill transferred to him by delivery from the payees named therein, a defendant may prove, under the general issue, that said payees had no title to the chose in action at the time of the delivery to the plaintiff.

On rule to show cause, &c.

This action is in contract, and the declaration contains only the common counts in *assumpsit.* The bill of particulars declares that the declaration is founded upon the following instrument, viz. :

"March 28th, 1888.

"*Messrs. Nightengale Bros.:*

"I. O. U.

"($250) two hundred and fifty dollars for value received.

"J. H. PERRINE,"

assigned by delivery to plaintiff.

One of the pleas was the general issue.

The verdict being for the plaintiff, the defendant obtained this rule to show cause why a new trial should not be granted.

Argued at November Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and LUDLOW.

For the rule, *Clarence Linn.*

The opinion of the court was delivered by

MAGIE, J. In the course of the trial defendant offered in evidence an assignment for the benefit of creditors, dated December 8th, 1890, and made by the firm of Nightengale Brothers, and by John and Joseph Nightengale, who composed that firm, to John S. Barkalow. The offer was rejected on the ground that a defence of that character should have been interposed by plea or notice.

The rejection of the evidence offered was erroneous.

By section 2 of our "Act respecting assignments for the benefit of creditors" (*Gen. Stat., p.* 78), such an instrument operates to vest in the assignee all property at its date belonging to the assignors, though not included in the inventory annexed.

When the offer was made, it had appeared in evidence that the instrument upon which plaintiff rested his claim to recover had been made at its date and delivered to John Nightengale, one of the firm of Nightengale Brothers, and had been retained in his possession until November or December, 1893, when it was delivered by him to plaintiff for a consideration.

That instrument was non-negotiable and the title which plaintiff acquired by such delivery was not a legal but an equitable title, which, formerly, he could only assert by a suit in the name of the payees of the due bill to his use. 1 *Dan. Neg. Inst.*, § 742. If the present suit is properly prosecuted in his own name, it is by force of the act of March 4th, 1890, amending section 19 of the Practice act. *Pamph. L., p.* 24; *Gen. Stat., p.* 2591, § 340.

But a transferee of non-negotiable paper by delivery, whether entitled to bring actions thereon in his own name or not, can acquire no better title to the paper than the transferrer had at the time of the delivery. The assignment offered by defendant showed that the holders of this due bill and implied obligation of defendant had, long before its delivery to plaintiff, parted with all their title thereto, and that such title had thereby vested in Barkalow, their assignee.

The evidence of the assignment was clearly relevant and material in respect to the title of the plaintiff to the chose in action on which he sued.

Nor was the defendant debarred from relying upon and proving the lack of title of the plaintiff or his transferrer, because it had not been set up by a plea or notice.

By the English system of pleading and practice a defendant in an action of *assumpsit* could prove, under the plea of the general issue, any matter which showed that plaintiff had never had cause of action. 1 *Chit. Pl.* 419. Upon that plea, until the adoption of the new rules in the reign of William IV., the question always was whether there was a subsisting debt or cause of action at the commencement of the suit. 1 *Tidd Pr.* 592. This was the system adopted in this country. *Gould Pl., ch.* 6, *part* 1, § 48. In this state the right of defence under the general issue in *assumpsit* had been left unrestrained until the passage of the act which limits such defences to those specified in response to plaintiff's demand. In the case before us no demand seems to have been made.

Defendant was, therefore, in no mode restrained in his defence, and evidence tending to show that plaintiff had no

title to the chose in action sued on was competent. The evidence offered would have shown that the transferrer of this chose in action to plaintiff had not at that time any title thereto, and therefore could not and did not confer any title on him.

For the rejection of this evidence the rule to show cause why a new trial should not be allowed must be made absolute.