BERNARD AXEL, DEFENDANT IN ERROR, v. MICHAEL KRAEMER, PLAINTIFF IN ERROR.

Argued June 27, 1907—Decided July 6, 1908.

1. A writ of error is the beginning of a new action in the Appellate Court, and, in such action, the assignments of error and the joinder therein are the pleadings. To the issues made by these pleadings the parties will be confined. This notion of the nature of proceedings in error may relieve the Appellate Court from inquiring into the legal propriety of proceedings in the court below which are not questioned in error.

2. Under the assignments of error in this case it may be held that the Court of Errors and Appeals, with a view to determining only the relevancy of evidence, will regard as the issue of fact to be tried that which was tendered and accepted as such by the parties in the court below, without objection.

3. At the common law evidence of payment might be given by the defendant under the plea of the general issue, either in *assumpsit* or debt on simple contract. It is not suggested that the offering of such evidence has been forbidden by the new rules of pleading adopted by the Supreme Court. The rationale of admitting evidence of payment, in a case like the present, is that it disproves a subsisting debt or legal liability, and so disproves the contract which rests upon such debt or liability as its moving consideration.

4. Notwithstanding the statute (*Practice act*, § 104) which, in effect, limits the evidence of the defendant, in an action upon contract, to such as denies the making of the contract sued on, if a specification of the defences has been demanded and not given, evidence of matter (including payment) which tends to deny the existence of the consideration of an implied contract, at the time of the commencement of the action, may still be given under a plea of the general issue. Such evidence not only denies the debt but the contract itself.

5. The proof of additional payments which was excluded at the trial was relevant (*a*) because its tendency was to diminish the trustworthiness or impeach the credit of the plaintiff as a witness, and (*b*) because its tendency was to support the issue raised by the defendant.

On error to the Union Circuit Court.

This was an action *ex contractu* brought in the Circuit Court of Union county by Axel, the defendant in error, against Kraemer, the plaintiff in error.

The counts of the plaintiff's declaration were, in the terminology of the common law, *in indebitatus assumpsit.* The indebtednesses alleged were for goods sold and delivered, work done and materials furnished, money lent, money paid, money had and received, interest on forbearance, and on an account stated. The contracts set up were that the defendant, in consideration of the indebtednesses, respectively, promised the plaintiff to pay him the said several sums of money on request. Breaches were then alleged to the plaintiff's damage $3,000.

To the declaration was annexed a notice that the action was brought to recover the amount due on a certain account between the parties, which account (here condensed) was as follows:

"1906. *Debits.*

"Jany. 8. To cash loaned and advanced by the plaintiff, at the defendant's request ...................... $1,000 00

" " cash advanced to and for the defendant, goods, wares . and merchandise bought for the defendant, at his request, board furnished at the defendant's request, and services performed as follows:

"Jany. 8
to [Then follow divers and sundry
"Mar. 6. items, amounting to]........... 771 45

$1,771 45

*"Credits.*

"By received on account.....$39 07
       "    "    "    ..... 20 00
       "    "    "    ..... 32 19
       "    "    "    ..... 12 00
       "    "    "    ..... 30 32
       "    "    "    ..... 73 32
                              ——— 206 90

"Balance due............................. $1,564 55"

The plea of the defendant was *nil debet,* known at common law as the general issue in an action of debt upon simple contract.

The plaintiff demanded, in writing, a specification of the defences intended to be made under such plea. The defendant failed to comply with the demand.

The issue joined between the parties was tried before the Circuit judge and a jury.

Inasmuch as all the errors assigned, save one, and that not pressed in argument, relate to the exclusion of evidence, little of the testimony actually adduced is to be set forth, and the nature of the evidence excluded need be but briefly indicated.

On the direct examination of the plaintiff he was asked, and he answered, as follows:

"*Q.* Have you put on here [on your books] everything that you were out? ·

"*A.* Yes, sir.

"*Q.* And given him [defendant] credit?

"*A.* Yes, sir.

"*Q.* I will ask you if this balance of $1,564.55 is the balance he owes yet?

"*A.* Yes, sir."

The evidence excluded on the cross-examination of the plaintiff was directed to showing that payments had been made by the defendant to the plaintiff other than and besides

those credited in the notice annexed to the declaration and admitted by the plaintiff on direct examination. The evidence excluded on the direct examination of the defendant was intended to show affirmatively that the additional payments above alluded to were actually made. The propriety of the exclusion seems to have been placed by the trial judge mainly upon the ground that the evidence tended to establish a defence other than a denial of making the contract sued on, and was inadmissible because of failure to comply with the demand for a specification of defences, and, in part, upon the ground that the inquiry did not go to test the credibility of the plaintiff.

After a charge by the trial judge, to which no exception was taken, the jury brought in a verdict in favor of the plaintiff below, and judgment was entered upon the verdict.

A writ of error having been allowed, and the judgment removed into the Court of Errors and Appeals, the defendant below, by numerous assignments, alleges for error that, notwithstanding objections, the trial court ruled out the evidence offered by way of cross-examination of the plaintiff and the evidence offered by way of direct examination of the defendant, as above mentioned. Exceptions to such rulings were taken and sealed.

For the plaintiff in error, *Elijah S. Cowles* and *William H. Carey.*

The plea of *nil debet* raised an issue as to the existence of the indebtedness at the time of pleading. Evidence of payment was admissible under this plea, and its exclusion was erroneous.

The scope of the plaintiff's cross-examination was determined, not by the defendant's plea, but by the scope of the direct examination.

The excluded evidence tended to discredit the plaintiff's testimony in chief, and its exclusion was error.

For the defendant in error, *John J. Stamler, contra.*

The opinion of the court (the foregoing statement of the case having been made) was delivered by

GREEN, J.  1. A writ of error is the beginning of a new action in the Appellate Court, and in such action the assignments of error and joinder therein are the pleadings. *Delaney* v. *Husband,* 35 *Vroom* 275, 276 (1899); *Associates of the Jersey Co.* v. *Davison,* 5 *Dutcher* 415, 418 (1860). To the issues made by these pleadings, which are in this court issues of law—*Karnuff* v. *Kelch,* 42 *Vroom* 558, 561 (1904) —the parties are to be confined. *State, Hoey, pros.,* v. *Lewis, Collector,* 10 *Id.* 501, 507 (1877); *Lullopp* v. *Heckman,* 41 *Id.* 272, 273 (1903). In the case in hand the issues of law thus raised involve the illegality of the exclusion at the trial of certain evidence offered by way of cross-examination of the plaintiff and certain evidence offered by way of direct examination of the defendant, as above mentioned. The illegality of such exclusion is averred by the plaintiff in error and denied by the defendant in error.

This notion of the nature of proceedings in error has the effect of relieving us from all obligation to inquire whether the plea of *nil debet* is, in this case, good under the rules of the Supreme Court, adopted at June Term, A. D. 1885, and amended at November Term, A. D. 1900. See *Corbin's N. J. Court Rules* (2d ed.) 46; *Id.* (3d ed.) 64. The plea would have been bad undoubtedly at common law (1 *Chit. Pl.* (3d Lond. ed.) \*469; *Slafford* v. *Little, Barnes Notes* 257), but its quality, since the new rules were adopted, we do not find it necessary to determine. It is not intimated that we have even considered the matter.

2. Inasmuch as evidence, in order to be relevant, must be directed and confined to the matters in dispute between the parties, as shown by the pleadings—*Crosby* v. *Wells,* 44 *Vroom* 790, 805 (1906)—it is, however, our place to inquire what the issue which the defendant conceived that he had tendered by the plea, and which the plaintiff accepted as sufficiently tendered in the court below.

Plainly the issue was the existence or non-existence of a

contract· or contracts for the payment of certain moneys by the defendant to the plaintiff, in consideration of certain indebtednesses, before-time incurred, by the defendant to the plaintiff. The plaintiff averred that there was or were such an implied contract or contracts; the defendant intended to say that there was no such contract—at least, he said that there was no consideration by which such a contract or contracts could be supported; the plaintiff, by his *similiter,* accepted the issue as tendered.

A contract in which an intention to agree is, as a fact, implied by the law, is, like an express contract, made up of three material parts, to wit, a moving consideration, an agreement to do or to refrain from doing, and a thing to be done or to be left undone, and these stand in this logical order. In the essentials of pleading, notwithstanding certain differences of form (*e. g., Chit. Pl. (3d Lond. ed.)* *36 and *ff.; Id.* *108 and *ff.*), there is no distinction between an implied contract and an express contract, because, in either case, the supposed or the actual promise or other contract must be alleged. 1 *Chit. Pl. (6th Lond. ed.)* *302; 1 *Chit. Cont. (11th Am. ed.)* 80. Nevertheless, there is a distinction in fact, which becomes more clear when we consider the evidence to be adduced. With respect to express contracts, for the most part, the three essential ingredients above mentioned are susceptible of proof; but, with respect to contracts implied by the law, only the existing consideration and the non-observance of the undertaking are susceptible of direct proof. The agreement or undertaking itself is implied, as a fact, from the proven existence of the debt or duty; the intention is merely a presumption by the law from other facts. Consider 1 *Pars. Cont. (9th ed.)* *7, note; 2 *Whart. Ev. (3d ed.),* §§ 1226, 1237; *Leake Cont.* 12; *Keener Quasi-Cont.* 3, 7; *Snedeker* v. *Everingham,* 3 *Dutcher* 143, 147, 150 (1858). Such a presumption the law raises, however, only so long as the debt or legal duty exists. *Gould Pl. (3d ed.)* 46, 50; *Steph. Pl. (4th Lond. ed.)* *18.

Hence, a plea which distinctly puts in issue the essential allegation of an existing indebtedness, which is the considera-

tion of an undertaking to pay moneys, may be treated by the parties and by the trial court as putting in issue the alleged contract itself, which must fall, if the non-existence of the debt or consideration be established. 1 *Chit. Pl.* (*3d Lond. ed.*) *334, *469–*472; 1 *Pars. Cont.* *428; *Morford* v. *Vunck*, 2 *Penn.* *1031 (1813). At least, under the assignments of error in this case, it may be held that this court, with a view to determining only the relevancy of evidence, will regard as the issue of fact that which was treated as such by the parties in the court below, without objection.

3. We may now inquire as to the relevancy of the excluded evidence in general.

(*a*) Under the plea of the general issue in *assumpsit*, the defendant might, at common law, give in evidence most matters which go in discharge of the defendant's liability by showing that, at the time of the commencement of the suit, the plaintiff had no cause of action. 1 *Saund. Pl. & Ev.* (*3d Am. ed.*) *138; 1 *Chit. Pl.* *472. However singular such practice may appear, in principle, in actions upon express contracts, it was logical enough when the action was founded upon an implied promise, and, in such cases, evidence in discharge of a liability, once existing, seems to have been first admitted under the plea of non-*assumpsit*. 1 *Chit. Pl.* *471, *473; *Gould Pl.* 46, 50. *Gilb.* *64, rather quaintly observes: "On this issue [non-*assumpsit*] everything may be given in evidence which disaffirms the contract, or goes to the gist of the action, since, if there be no contract to be performed at the commencement of the action, there could be no trespass for the non-performance of it," and he instances a release, "for it shows that there was no contract at the time when the action was commenced."

In *Emley* v. *Perrine*, 29 *Vroom* 472, 473, 474 (1896), the declaration contained only the common counts, and the general issue was pleaded. In considering the evidence offered Justice Magie said: "Upon that plea, until the adoption of the new rules in the reign of William IV., the question was always, whether there was a subsisting debt or cause of action

at the commencement of the suit. This was the system adopted in this country."

On an *indebitatus assumpsit* the offering of evidence of payment, under the general issue, seems to have been well-known as early as A. D. 1697. See *Brown* v. *Cornish,* 1 *Ld. Raym.* 217; see, also, *Van Hatton* v. *Morse,* 2 *Id.* 787 (1702).

(*b*) Under the plea of the general issue in debt, any matter might be given in evidence by the defendant at common law which showed that nothing was due at the time of bringing the action, such as performance, or a release, or other matter in discharge of the action. 1 *Chit. Pl.* (*3d Lond. ed.*) *476; compare with 1 *Chit. Pl.* (*6th Lond. ed.*) *481. "Debt on simple contract, in respect of the evidence, differs in nothing from the action of *assumpsit.*" 1 *Saund. Pl. & Ev.* (*3d Am. ed.*) *410.

Having already said that this court will regard the issue of fact tendered by the defendant and accepted by the plaintiff in the court below as being, in short, contract or no contract, we now say that evidence of payment before action brought was proper under the general issue in either *assumpsit* or debt at common law, and it has not been suggested that it is otherwise under the new general rules of the Supreme Court, already mentioned. It is obvious that the rationale of admitting evidence of payment in a case like the present is that it disproves a subsisting debt or legal liability, and so disproves the contract which rests upon such debt or liability as its moving consideration. 6 *Gould Pl.* 48.

It is no objection to this view that the payments proved may not discharge with exactness any debits in the notice annexed to the declaration. In *assumpsit,* under the general issue, the defendant might offer proof of partial as well as of full payment. *Dingee* v. *Letson,* 3 *Gr.* 259 (1836), citing English cases. The defendant may, it would seem, still do so in an action upon contract, the payment being given in evidence not in bar, but in mitigation of damages. 1 *Chit. Pl.* (*6th Lond. ed.*) *507; 1 *Suth. Dam.* (*4th ed.*), § 167; *Dingee* v. *Letson, supra* (at *p.* 265). Partial payment might

be thus given in evidence in the English practice, even after the *Reg. Gen. Hil. T.*, 4 *Wm.* 4. See *Shirley* v. *Jacobs*, 4 *Dowl.* 136 (1835).

4. It is urged, however, for the defendant in error that whatever might be true at common law, the evidence of payments which the defendant below sought to introduce was properly excluded by force of a statute. This statute must, therefore, be considered.

The statute referred to was once section 116 of the Practice act of 1874 (2 *Gen. Stat., p.* 2552), and dealt with the action of *assumpsit* only, but in enacting "An act to regulate the practice of courts of law (Revision of 1903)," the legislature took notice of the new rules of the Supreme Court and made the section applicable to any action upon contract. The language of the revised act, so far as it need now be set forth, is as follows:

"When a defendant in any action upon contract shall plead the general issue alone or in connection with other pleas, the plaintiff may make written demand for a specification of the defences intended to be made under such plea  *  *  *  in case of the failure of the defendant to comply with such demand, such plea of the general issue shall be taken to import only a denial of the making of the contract sued on." See *Pamph. L.* 1903, *p.* 567, § 104; *Mott Pr. Act* 52. This statute was construed with reference to the *quantum* of proof of the plaintiff in *Turner* v. *Wells*, 35 *Vroom* 269, 274 (1899), but its operation upon the evidence of the defendant is *res integra*.

Bearing in mind the conclusions already reached, to wit, that the defendant's plea is to be regarded as putting in issue the essential allegation of the indebtedness which was the consideration of an undertaking to pay moneys, and so putting in issue the alleged contract itself, and that, in support of such plea, the defendant might give evidence of payment of the indebtedness before action brought, in disproof of a subsisting debt, and so of the contract implied in fact from the existence of the debt, we see nothing in the statute cited which imposes any further restriction upon the rights of the

defendant in the present action. The question is still in substance as stated in *Emley* v. *Perrine, supra.* In an action upon an implied contract the defendant may, under a plea of the general issue, deny, by his proofs, the existence, at the time of the commencement of the action, of the alleged indebtednesses which were the consideration of the alleged contracts, or of any of such indebtednesses. In so doing he not only denies the debt or duty, but, in the language of the statute, he denies the contract sued upon.

The defendant below, having offered evidence tending to show payments which, *pro tanto,* would have discharged his indebtedness, and such evidence having been excluded, there was injurious error.

5. It is argued on behalf of the plaintiff in error that the excluded evidence of payment, so far as it might have been drawn from the lips of the plaintiff below, was legitimate under the ordinary rules of evidence, and, so far as it might have been given directly by the defendant below, was likewise legitimate.

(*a*) It will be observed, from the brief extract from the testimony set forth in the foregoing statement, that the plaintiff, in effect, said: "Everything that the defendant owed to me is shown by my books. Every credit to which he was entitled I have therein given to him. He still owes me the balance, $1,564.55." It is plain, then, that inquiry as to other payments, which the plaintiff ought to have allowed the defendant, by way of credits, would tend to diminish the trustworthiness or impeach the credit of the plaintiff as a witness. Such inquiry was therefore proper under the ordinary rules relating to cross-examination. The rules in this aspect have been so lately expounded by us in *Crosby* v. *Wells,* 44 *Vroom* 790, 803, 804 (1906), that a bare reference to that decision will suffice.

(*b*) The evidence offered on the examination of the defendant, which was directed to establishing payments by him to the plaintiff, other than and besides those admitted by the plaintiff, was proper from two points of view. It was relevant because it had probative value in support of a material

proposition of the defendant. It was relevant because its tendency was to impeach the testimony of the plaintiff by contradiction from another competent witness. See, on both points, *Crosby* v. *Wells,* 44 *Vroom* 790, 805 (1906).

Nothing having been alleged which should lead to a different conclusion, we think that, by the accepted rules of evidence, the proof of additional payments offered by the defendant should have been received. In the exclusion thereof there was error.

For the errors discussed the judgment of the Union Circuit Court should be reversed, and the record remitted for a new trial.

*For affirmance*—None.

*For reversal*—PITNEY, CHANCELLOR, THE CHIEF JUSTICE, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 11.