IN THE MATTER OF THE APPLICATION OF JAMES F. MURRAY FOR AN ORDER DIRECTING THE CLERK OF THE COUNTY OF HUDSON TO CONDUCT A NEW DRAWING FOR POSITION OF INDEPENDENT CANDIDATES FOR GOVERNOR ON THE BALLOT TO BE VOTED AT THE GENERAL ELECTION ON NOVEMBER 2d, 1937.

Argued October 16, 1937—Decided October 20, 1937.

For the application, *James F. Murray, pro se.*

*Contra, J. Emil Walscheid,* county counsel of Hudson county.

BROGAN, CHIEF JUSTICE. The applicant presents a petition under paragraph 121, section 12, article XI, of the Election act (Revision of 1930, with its amendments and supplements) for summary review.

The petition asserts that the applicant, on September 16th, 1937, filed his petition of nomination with the secretary of state, as a candidate for the office of governor, to be voted for at the general election on November 2d, 1937, and that the name of the applicant, with others, was certified by the secretary of state to the county clerk of Hudson county for the purpose of making up the sample and official ballot. The county clerk drew lots under paragraph 144, section 11, article XII of the statute, *supra,* to determine the positions on the ballot of candidates nominated by the several political parties, on October 5th, 1937 (the date fixed by the statute),

which is twenty-eight days prior to the day of the general election, and of this there is no complaint. On October 8th, 1937, the county clerk drew lots for positions on the ballot for the several independent candidates for governor. A certificate was presented to me indicating that the county clerk did not receive from the secretary of state a certified list of the names of those nominated by direct petition until October 7th, 1937. The county clerk proceeded to draw lots for position on the ballot of these independent candidates on the following day.

The applicant contends that under the provisions of paragraph 144, section 11, article XII of the statute, *supra,* in which, among other provisions, is the following: "The drawing of names shall take place at three o'clock in the afternoon on the day following the *last day for filing petitions* for the General Election, at the office of the County Clerk;" the drawing for such position should not, as a matter of statutory regulation, be held until October 13th, 1937. This argument is advanced on the strength of the provisions of paragraph 343, section 10, article XXIV of the statute, which provides as follows:

"In the event of any vacancy occasioned by death, removal, resignation or otherwise in the representation of any county in the Senate or General Assembly or in any county or municipal office, which vacancy shall occur after the last day for filing petitions for nominations for the primary election and prior to twenty-five days preceding the general election, the members of the county committee of each political party representing the territory affected by such vacancy are hereby authorized to select a candidate for the office in question and within twenty-two days prior to the general election file a statement of such selection, duly certified to, with the county clerk, and the person so selected shall be the candidate of the party at the ensuing general election. Besides the selection of candidates by the respective committees of each political party as aforesaid, candidates may also be nominated by petition in a similar manner as herein provided for direct nomination by petition for the general election; provided, how-

ever, that such petition shall be filed with the county clerk, at least twenty-two days prior to such general election. When any such vacancy occurs in the representation of any county in the Senate, or General Assembly or in a county office, the county clerk shall forthwith notify the chairman of the county committee of each political party and in counties of the first class the county board of such vacancy, and in case any such vacancy occurs in a municipal office, the municipal clerk shall forthwith give notice to the county clerk, the chairman of the county committee of each political party and in counties of the first class the county board, of such vacancy. The county clerk shall print, on the ballots for the territory affected, in the personal choice column, the title of office and leave a proper space under said title of office; and print the title of office and the names of such persons as have been duly nominated, in their proper columns; provided, the provisions herein shall not apply to the selection of a candidate in the representation of any county in the Senate or General Assembly unless a writ of election for supplying such vacancy shall have issued as otherwise provided for by this act, prior to twenty-five days preceding the general election; and provided, further, that said writ designates the next general election day for the election."

The point of the argument is that a petition nominating a candidate might, under this section, be filed with the county clerk up to twenty-two days prior to the general election which, as a matter of fact this year, would mean October 11th, 1937, and that by virtue of the provision above quoted from paragraph 144, *supra*, the drawing would, of necessity, take place the following day, October 12th, and this being a legal holiday in the State of New Jersey, the drawing would carry over until October 13th, 1937. I do not agree with this contention. In the first place, article XXIV, of which paragraph 343, section 10, is part, is headed in the statute itself "special elections and filling vacancies." The particular paragraph (343, section 10) carries the heading, "filling vacancies in the representations of any county in the Senate or General Assembly, and in County or Municipal

office." A reading of the paragraph in question indicates that the scope of its provisions is limited and relates to filing petitions for nominations either by political parties through a county committee or by signers placing an independent candidate in nomination when a vacancy arises in office after the date of the primary and before the date of the general election, which vacancy was occasioned by death, removal, resignation or otherwise, in the representation of any county in the Senate or General Assembly, or in any county or municipal office.

The mechanics of the section seem plainly to be intended for filling unexpired terms.

Turning again to paragraph 144, section 11 of the statute, directing that the drawing of names shall take place on the day following the last day for filing petitions for the general election, it seems clear that this section should be read and construed in the light of several of the paragraphs which are part of article XI, which has to do with the nomination of candidates. Paragraph 112, section 3, provides for direct nomination by petition and that petitions naming candidates for office to be filled by voters of the entire state * * * shall be addressed to the secretary of state * * *.

Under paragraph 118, section 9 of article XI, the requirement is that all such petitions (in this case for the office of governor) shall be filed with the officer to whom they were addressed (secretary of state) five days previous to the day of the primary election; and reading these legislative directions in conjunction with the pertinent sentence of paragraph 144, set out above, it seems inescapable that the legislative intention was that the drawing for positions on the ballot, so far as independent candidates are concerned, should be held on the day following the day on which such petitions are required to be filed. The primary election this year was held on September 21st. Petitions of the character here under consideration had to be filed five days prior thereto, or September 16th, and the drawing should have been held on September 17th, 1937.

The question is not without its difficulties since there are some apparent inconsistencies in the statute. For instance, under paragraph 121, a candidate who believes that there is any invasion, or threatened invasion of his rights in matters of this kind must make his complaint to a Supreme Court justice at least twenty-five days before the election, and yet under the three hundred and forty-third section a petition of nomination to fill vacancies, &c., may be filed with the clerk of the county up to twenty-two days prior to the general election, so that if there was any threatened or actual invasion of rights of such candidate it would be impossible for him to make complaint twenty-five days before the election.

Another example will be found in the provisions of article XXII, paragraphs 277, 278, sections 12 and 13, respectively. Under these sections the committee on vacancies may, under proper circumstances, offer a substitute candidate, and such substitution must be filed at least seventeen days before election; and in the thirteenth section, where the candidate is not entitled by statute to have a committee on vacancies, and an original candidate declines to stand as such, a majority of the persons signing the original petition may put another candidate in nomination by filing a new petition, with such substitute candidate, with the municipal clerk seventeen days before the election. Manifestly, if there be any invasion, threatened or actual, of the rights of the parties in a matter of this kind, a literal interpretation of the provisions of paragraph 121 leaves the party without remedy as far as application for summary hearing by a Supreme Court justice is concerned.

In the present case this application was made to me on October 16th, 1937, less than twenty-five days before the date of the general election, November 2d, 1937. But, without passing on the matter of jurisdiction, I have no doubt that paragraph 343, section 10, does not have the efficacy for which applicant contends. The application to order the county clerk to draw lots for such position again, is denied.