UTILITIES ENGINEERING INSTITUTE, A CORPORATON, PLAINTIFF-APPELLANT, v. ROY BODENSTEIN AND BERTHA BODENSTEIN, DEFENDANTS-RESPONDENTS.

Submitted October 6, 1942—Decided December 10, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the plaintiff-appellant, *Jerome Alper & Alper* and *Samuel B. Friedman*.

For the defendants-respondents, *Isaac W. Seiler*.

The opinion of the court was delivered by

BODINE, J. The facts in this case, as stated by the learned District Court Judge, were as follows: "The action was brought by the plaintiff against the defendant to recover damages for a breach of contract. The summons was returnable January 27th, 1942, and, on the return day, the case was listed for a date for the trial to be set. On March 3d,

1942, upon consent, an order for depositions was filed and subsequently on March 6th, 1942, the case was marked 'Not Moved,' pending the taking of depositions. On March 30th, 1942, the defendant filed a demand for trial by jury. The plaintiff then made a motion to dismiss the demand filed by the defendant for trial by jury, on the ground that same was out of time, and that the said demand was not filed in accordance with the laws and statutes of the State of New Jersey in such case made and provided. The plaintiff's motion to dismiss the demand for jury trial was denied by the court, and an exception to such ruling was duly noted. The case was tried before a jury on May 20th, 1942, and a judgment was returned by the jury in favor of the defendant. On June 1st, 1942, the defendant served the plaintiff with a motion to fix the amount of the defendants' costs, and of the defendants' counsel fee and for the award and entry of a judgment therefor, in favor of the defendant and against the plaintiff. This motion was argued on June 10th, 1942, at which time the defendant made application for costs of the jury fee, the costs of the stenographer's fee and for counsel fee. The decision was reserved on this motion, and, on June 11th, 1942, a registered notice was sent by the clerk of the court, received on June 12th, 1942, granting the defendants' motion and awarding the defendant costs of the jury fee, plus $5 attorney's fees. On June 18th, 1942, notice of appeal was filed by the plaintiff."

The sole question propounded by the appellant is whether there was error in permitting the case to be tried before a jury.

R. S. 2:32-107 was amended by chapter 174, *Pamph. L.* 1939, *p.* 525, which provides as follows: "Unless a demand for a trial by jury is made and notice thereof filed with the clerk of the court at least ten days from the return day of the summons, and unless the party making the demand, pays, at the time of making the demand, the costs of the venire, the demand shall be deemed to be waived, except that the judge may, in his discretion, grant a venire at plaintiff's expense, to be taxed in the costs of the action, notwithstanding the failure to make demand as herein provided." This section

seems to confer no discretion as to the untimely demand by a defendant.

Obviously, the defendant was not entitled as of right to a trial by jury since the demand had not been made within the time required by the statute. *Stuppiello* v. *Waldron,* 6 *N. J. Mis. R.* 152. The plaintiff, however, was obliged by the judgment appealed from to pay the costs of the jury fee. It was further deprived of the right to proceed to offer its proofs before the trial judge. This right could not be waived except in the manner provided by law. *Haylhorn* v. *Van Keuren & Son,* 79 *N. J. L.* 101.

*R. S.* 2:32-91 provides as follows: "When the parties in any action instituted in a district court by virtue of this chapter shall appear at the place and time expressed in the summons or at the return of the warrant, or at the time of appearance mentioned in the recognizance or the time fixed for the trial in any case, the court shall, unless the judge shall think it proper to adjourn the trial, proceed to hear and examine their respective allegations and proofs and render judgment in the cause."

Mr. Justice Trenchard said, as to a somewhat similar provision in *Haylhorn* v. *Van Keuren & Son, supra* (at *p.* 105) : "We think, also, that the language of the section in question is mandatory, and in the absence of a seasonable demand for a jury the judge has no discretion. He must try the case without a jury. The presumption is that the word 'shall' in a statute is used in an imperative and not in a directory sense. If a different interpretation is sought, it must rest upon something in the character of the legislation or in the context which will justify a different meaning."

The respondent moved to dismiss the appeal since a judgment on the verdict of the jury was entered May 20th, 1942, and the notice of appeal was served more than twenty days thereafter in violation of *R. S.* 2:32-206. This ground would be dispositive of the case but for the fact that on June 10th, 1942, the attorney for the respondent moved for the award and entry of a judgment for the costs of the jury fee and also a counsel fee. The final judgment, therefore, was entered

on June 12th, 1942, when this question was settled and the appeal from this judgment was timely and so, also, was the settlement of the case. *R. S.* 2:32-209.

The procedure adopted by the appellant finds support in *Tambe* v. *Otto,* 113 *N. J. L.* 71. The motion to dismiss must be denied.

The appellant's right to proceed before the trial judge was so clear unless the respondents had proceeded to procure a jury at the time, and in the manner required by the statute, that the judgment must be reversed, with costs.