[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 559 
Plaintiff filed his complaint on March 24th and was allowed exparte an order to show cause with interim restraints returnable March 28. The order commanded the Hudson County Clerk, the Town Clerk of the Town of Kearny and Charles G. McAllister to show cause why the designation "Regular Republican Party, Driscoll for Governor" adopted by said McAllister, a candidate for the Republican nomination for Councilman from the First Ward of the Town of Kearny in the primary election to be held April 19, 1949 should not be declared null and void and be deleted from the sample and official ballots to be used in connection with said primary election, and why the Town and County Clerks should not be restrained from printing and distributing sample and official ballots containing said allegedly unlawful designation. The restraint enjoined printing of the ballots pending further order of the Court.
On March 28 the case was submitted on stipulated facts and is ripe for final judgment. The question for decision is the interpretation of R.S. 19:23-17 and R.S. 19:23-25.1 which together prohibit the use by a candidate of a slogan, and the printing of the slogan on the ballot, including the name of any person unless that person's written consent to the use of his name is filed with the candidate's nominating petition.
All parties accept as true that the Town Clerk must make final printing arrangements by April 4th.
Plaintiff MacManus and defendant McAllister each filed with the Town Clerk (the former on February 26 and the latter on February 25) a nominating petition for the office of First Ward Councilman. Each petition bore a designation including the name "Driscoll", but neither candidate filed with his petition the written consent of Mr. Driscoll to the use of his name. Both candidates are citizens, residents and voters of the Town of Kearny.
March 10th was the last day on which under R.S. 19:23-14 nominating petitions for this office could be filed with the Town Clerk. On March 11th Alfred E. Driscoll pursuant to R.S.
19:49-2 filed with the County Clerk a notice requesting *Page 561 
that his name be placed on the same line of the voting machines as are the names of candidates filing a joint petition with the designation "Regular Republican Party — Driscoll for Governor". On that day plaintiff MacManus filed a like notice. In addition like notices bearing date March 11 were filed by a Mayoralty candidate and Councilman candidates for the nominations in other wards of the Town of Kearny.
Plaintiff MacManus' notice requested that his name be placed on the same line of the voting machines with candidates employing the designation "Regular Republican Party — Driscoll for Governor", but his petition, filed February 26 with the Town Clerk, bore the designation "Republican, Driscoll for Governor". It was suggested on his behalf but not stipulated or otherwise proved that the Town Clerk had forced his choice of the designation endorsed on his petition by refusing him the other designation on the ground defendant McAllister had already preempted it by his petition filed a day earlier, February 25. It is unnecessary to determine this question.
Before discussing the merits, a preliminary motion by defendant McAllister to dismiss the complaint must first be considered. He argues that the proceeding is out of time because filed March 24th and cites R.S. 19:13-12; requiring that the complaint be brought at least 36 days before the election, that is, on or before March 14th. This would unquestionably be true if plaintiff's complaint were grounded on a charge setting forth "any invasion or threatened invasion of his rights" as a candidate and asking that such rights be protected and enforced. But I interpret the complaint not as seeking protection of plaintiff's rights as a candidate but as seeking to vindicate the public right to require public officials to comply with the provisions of pertinent statutes governing their responsibilities in the conduct of primary elections. It is clear that any resident and voter of the Town of Kearny may maintain this action for such purpose whether or not he has a personal interest as a candidate for office. The general subject of the right of citizens to maintain actions to review the acts of public officials is *Page 562 
comprehensively covered in the opinion of the Appellate Division in Haines v. Burlington County Bridge Commission,1 N.J. Super. 163, 63 A.2d 284, at pages 287 and 288 (App.Div. 1949). I find that the proceeding is essentially one to test whether the Town Clerk may cause the printed ballots to carry a slogan or designation including the name "Driscoll". Viewed in that light, this is a proceeding in lieu of prerogative writ governed by Rule 3:81 and on principle and sound reason analogous to the reasoning suggested in the Haines case, the plaintiff clearly has a standing to maintain this suit.
Neither the plaintiff MacManus nor the defendant McAllister filed with his nominating petition the written consent of Mr. Driscoll to the inclusion of the Driscoll name in the designation or slogan selected by each. R.S. 19:23-17 makes the filing of such written consent a condition precedent to the inclusion by a candidate of such name in any slogan to be printed on the ballot. And since the Town Clerk is charged with making printing arrangements it is particularly germane that R.S. 19:23-25.1 forbids the printing of any slogan using a name unless the written consent of the person whose name is used was filed with the petition of nomination.
The language of the two sections is unequivocal and without a shade of ambiguity. The Town Clerk is patently in error and unquestionably would violate the statute by printing ballots having the name "Driscoll" in the slogans used by either plaintiff MacManus or defendant McAllister. The Town Clerk with commendable candor admits his error.
Plaintiff argues that the requested consent as to his use of the name can be spelled out of the notices filed under R.S.
19:49-2 on March 11th with the County Clerk by Mr. Driscoll and himself and candidates for other offices. That argument has no merit because, even assuming consent may be inferred from the notices filed March 11th with the County Clerk, the plain language of both R.S. 19:23-17 and R.S. 19:23-25.1 requires that the written consent be filed "with the petition of nomination" and it is admitted no such consent was filed by him. Moreover, R.S. 19:49-2 deals with a different *Page 563 
subject not before me in this proceeding. If relevant at all, it seems to me compliance with a request to place names with the same designation on the same line on the voting machine is required only when the candidate making the request has satisfied the conditions to the use of the designation imposed by R.S.
19:23-17.
Plaintiff argues further that in any event my determination should be limited to defendant McAllister's right to employ a slogan including the name Driscoll. I assume this is premised on the argument that his complaint raises no issue as to his own use of the name. The short answer to this is that we are testing at this juncture whether on the facts before me the Town Clerk should be permitted to complete proposed arrangements for printing ballots. Certainly the duty of the Town Clerk is to print only what complies with the law. Since on the record plaintiff and defendant McAllister are equally without right to use the Driscoll name of Town Clerk should be required to delete the name from the slogans of both.
A printer's proof of the proposed ballot was received in evidence. I shall order the Town Clerk to delete from the ballot finally printed the words "Driscoll for Governor" from the slogan to be printed under the names of Charles G. McAllister and Eugene T. MacManus. There may be printed under McAllister's name only the words "Reg. Republican Party" and under MacManus' name only the word "Republican".
Plaintiff is not entitled to have the words "Reg." and "Party" also deleted from McAllister's slogan or to have them added to his own. Such relief can only be based on the argument that the result prejudices him. But that is tantamount to a claim that his rights as a candidate are invaded, and R.S. 19:13-12 bars claims of that nature at this time.
 Submit final judgment for signature. *Page 564