[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 32 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 33 
The respondent moves to dismiss the appeal on the ground that it was not taken within time. It is an appeal from a final judgment entered by the Law Division in favor of one of the defendants, W. Burton Salisbury, and against the plaintiff, May 25, 1949. On June 11th, the judgment was amended so as to provide that it should not carry costs. The notice of appeal was served July 25th, that is, 61 days after the judgment was originally entered and 44 days after the date of the amendment.
Rule 1:2-5(b), on which respondent relies, purports to limit the time for appeal from a final judgment of a trial division of the Superior Court to 45 days. Appellant, in opposition to the motion to dismiss, counts first upon R.S. 2:27-356 which he construes to permit an appeal within one year after judgment rendered. He argues that in such a conflict between the court rule and the statute, the statute prevails. Our present Constitution, article VI, section 2, paragraph 3, empowers the Supreme Court to make rules "governing the administration of all courts in the State and, subject *Page 34 
to law, the practice and procedure in all such courts." In our opinion, it was the intention of the people of the State thereby to vest in the new Supreme Court a power to regulate procedure that would be unhampered and unrestricted by the common law or by statutes enacted prior to the adoption of the Constitution. The expression "subject to law" referred to statutes that might thereafter be enacted by the Legislature pursuant to the general grant of legislative power contained in article IV of the new Constitution. The Legislature is given the final word in matters of procedure; it may expressly or by implication nullify or modify a procedural rule promulgated by the Supreme Court, or it may take the initiative in a matter of procedure when it deems that course wise. See Const. Convention, 1947, Rep. of Com. onJudiciary, Appendix A. But the Legislature, so far as we are advised, has taken no action under our present Constitution, with respect to the time for taking appeals.
The appellant also cites Article II, section 1, paragraph
3, which ordains that all laws, statutory and otherwise, in force at the time the Constitution takes effect, shall remain in force "until they expire or are superseded, altered or repealed by this Constitution or otherwise." When our Supreme Court makes a rule regulating procedure that conflicts with some statutory provision enacted before 1948, the latter does not remain in full force, but is superseded by the rule, altogether or so far as is necessary to permit full scope to the rule.
The next question is whether a limitation of the time of appeal is a regulation of procedure within the competence of the Supreme Court. In answer to this question, it is not enough to say that such a limitation is a part of adjective or procedural law as distinguished from substantive law. The grant of power to make rules governing the practice and procedure in all our courts does not include in its scope all adjective law. Most lawyers would probably agree that the Supreme Court is not empowered to make rules that would supersede the Statute of Frauds or the Statute of Limitations, for instance. In the old days, a writ of error instituted a new suit. Axel v. Kraemer, 75 N.J.L. 688 (E. A. 1907). And *Page 35 
whether it was within time or not depended on the Statute of Limitations. George v. George (1911), 250 Ill. 251,95 N.E. 167. But the appeal which was substituted for the writ of error in 1912 was a step in the original action and not the commencement of a new suit, R.S. 2:27-347; and this is still the nature of an appeal in New Jersey. A limitation on the time for appeal is a regulation of a step in the cause comparable to fixing the time for pleading; it is clearly within the legislative power of the Supreme Court.
Our Constitution expressly gives an appeal from the Law Division to the Appellate Division. Article VI, section 5,paragraph 2. A limitation, whether adopted by the Supreme Court or by the Legislature, is not within their constitutional power if it fixes a period so short as to impair substantially the right of appeal. A limitation as to time is given effect unless it is unreasonable when applied to the facts of each case as it arises. Owens v. Atlantic City, 125 N.J.L. 145 (Sup. Ct.
1940); Phelps Dodge Copper Products Corp. v. United, etc.,Workers, 138 N.J. Eq. 3 (at p. 14); affirmed, WestinghouseElectric Corp. v. United Electrical, etc., Workers,139 N.J. Eq. 97 (1946). In the ordinary case, 45 days is ample time. We may surmise that illness, or difficulty in raising funds to pay the expenses of an appeal, or some other factor might make 45 days unreasonably short, but nothing of that sort appears in the present instance. The limitation of 45 days prescribed by Rule 1:2-5(b) governs the present motion.
The last problem is whether the time for appeal runs from the original entry of the judgment or from the amendment. It seems to be the general rule that where a judgment is substantially altered by amendment, the time for appeal runs from the date of the amendment. U.S. v. Gomez, 1 Wall. 690; 17 L.Ed. 677
(1864). But if the amendment is only formal, it does not toll the time for appeal. If there be an amendment relating to costs or a retaxation of costs, making the judgment more onerous, the judgment debtor's time for appeal is generally reckoned from the date of the amendment or retaxation. Utilities Engineering Inst.v. *Page 36 Bodenstein, 129 N.J.L. 249 (Sup. Ct. 1942). See Annotationon Time for Taking Appeal, 80 L.Ed. 1121.
In the instant cause, the order of June 11th, modifying the judgment, recited that the judgment which had been entered failed "by inadvertence" to provide that it should be without costs. In that posture, the statute gave costs to the prevailing party.R.S. 2:27-378. The order of amendment, that the judgment would not carry costs, merely corrected the judgment. The order bore the consent of appellant as well as his adversary; it was advantageous to the appellant. We can perceive no reason for holding that such an amendment extended the time for appeal. The motion to dismiss is granted. No costs will be allowed to either party.