7 N.J. Super. 549 (1950)
72 A.2d 421
JAMES F. MURRAY, JR., PLAINTIFF,
v.
JAMES MURRAY, JR., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 20, 1950.
*553 Mr. Louis R. Kagan, for plaintiff.
Mr. John J. Boylan, for defendant.
BRENNAN, JR., WM. J., J.S.C.
Plaintiff James F. Murray, Jr., and defendant James Murray, Jr., are candidates in the 1950 primary election for the Democratic Congressional nomination for the 13th district. The complaint is brought under R.S. 19:13-12 to invalidate defendant's candidacy as an "invasion" of plaintiff's rights as a candidate.
This statute delegates nonjudicial duties to the Judge of the Superior Court sitting as Assignment Judge in the county as successor to the powers of the Justice of the former Supreme Court presiding in the circuit. R.S. 1:1-22 (i). The judge performs his duty thereunder as legislative agent. In re Kraft's Petition, 22 N.J.L.J. 373 (1899); In re Sylvanus Lee, 20 N.J.L.J. 374 (1907). The power delegated is "in a summary way" to hear a complaint of alleged invasion or threatened invasion of a candidate's rights under his petition of nomination filed with the Secretary of State or County Clerk "and make such order thereon as will protect and enforce the rights of such candidate." If the objection to a candidate's petition of nomination is that, although in "apparent conformity" with the provisions of the Election Law, it in fact fails to comply therewith, the remedy is not by complaint to the Assignment Judge under R.S. 19:13-12, but by the filing of a written objection under R.S. 19:13-10 with the officer with whom the petition was filed, which officer, unless a court order otherwise directs, hears the matter and makes and files a determination thereon as required by R.S. 19:13-11. Matters which are cognizable by the Secretary of State or County Clerk under R.S. 19:13-10 do not in other words, standing alone, constitute grounds for a charge of "invasion or threatened invasion" under R.S. 19:13-12. Review of the officer's action is by a proceeding in lieu of prerogative writ. See Introcaso v. Burke, 3 N.J. Super. 276 (Law Div. 1949); MacManus *554 v. Allan, 2 N.J. Super. 557 (Law Div. 1949); and generally as to this subject, Ward v. Keenan, 3 N.J. 298 (1950).
This statutory scheme originates in Laws 1898, Chapter 139, section 46. That statute was interpreted as calling upon the Justice of the then Supreme Court to hear and determine a complaint of invasion or threatened invasion only when a proceeding on written objections filed with the officer having the petition was initiated and completed, thus indicating that the power of the judge was limited to a review of the officer's action. In re Kraft's Petition, supra; In re Sylvanus Lee, supra; and see In re Murray, 119 N.J.L. 98 (Sup. Ct. 1937). Indeed, serious doubt was voiced whether the procedure was "not so imperfect and incomplete with respect to the power conferred upon the judicial officer who is to decide the controversy as to render the provision itself wholly nugatory." In re Kraft's Petition, supra.
However, there have been several amendments of these statutes (P.L. 1930, c. 187, pars. 119, 120, 121; P.L. 1942, c. 50, p. 277, § 1; P.L. 1948, c. 2, p. 39, § 18); notably one which now fixes the same date on or before which determinations both by the official under R.S. 19:13-11 and by the court under R.S. 19:13-12 shall be filed. This is plain evidence of a legislative intent that the court action may be maintained whether or not a proceeding is brought before the officer named in R.S. 19:13-10, provided in the court action the grounds of the alleged invasion of a candidate's rights are not concerned solely with the sufficiency under the election law of a challenged petition of another candidate.
These primary election controveries between candidates or between candidates and public officials usually arise and must be determined under the pressure of a necessarily inflexible election time table. The relief which may be justified in given cases may be granted only partly or denied altogether when the private interests of the candidate conflict with overriding public consideration as regards the date of election or the timely completion of its preliminaries. See Introcaso v. Burke, supra. While not important in this case in light of the conclusion reached, it is noted that neither the Secretary *555 of State nor any other official is a defendant. Upon whom under the circumstances could any court order be brought to bear if, to give effective relief, action were required related to the form of the ballot?
The power granted under this statute is not one which the court is required to exercise in every case. The doctrine of separation of powers is firmly entrenched in this State. As legislative agent the court passes on these matters only "in the spirit of comity that should prevail between the three branches of government;" while "a legislative request for the judiciary to act with respect to any particular subject is not to be lightly declined," however: "nor can the judges be obliged to carry out these legislative grants of authority if they interfere with the functioning of the courts either in the amount of time or attention they detract from judicial activity or in involving the courts in situations which may reflect on their reputation in the community for fairness, impartiality and independence." Massett Bldg. Co. v. Bennett, 4 N.J. 53, 71 A.2d 327 (1950).
Procedurally an action under R.S. 19:13-12 is controlled by Rule 3:79, "Actions on Order to Show Cause in Lieu of Summons," which rule supersedes the provisions of the statute in that regard. Winberry v. Salisbury, 5 N.J. Super. 30 (App. Div. 1949).
Plaintiff herein makes two charges of invasion by defendant of plaintiff's rights as a candidate  (1) that defendant may not stand as a candidate for the Congressional nomination for a seat the term of which commences in January, 1951, because he will not attain the age of 25 years until November 3, 1951, and the United States Constitution, Article 1, Section 2 provides "no Person shall be a Representative who shall not have attained to the Age of twenty-five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen;" and (2) that defendant did not file his candidacy in good faith but for the sole purpose of deceiving, defrauding and confusing the electorate by reason of the substantial identity of names of plaintiff and defendant *556 and thus of prejudicing plaintiff's prospects in the primary election.
The question presented by the first ground is one of law, whether there is any requirement by statute or constitution, state or federal, which fixes a time when the condition of eligibility as to attainment of the prescribed age must be met. The rule is that the time as of which eligibility to an office is to be determined is to be discovered in applicable statutes or constitutional provisions. 143 A.L.R. 1026; 88 A.L.R. 812; 42 Amer. Juris., "Public Officers," § 139, p. 910; 18 Amer. Juris., "Elections," § 126, p. 260. I can find no federal or state constitutional provision or statute fixing a time as of which the age qualification for a member of the House of Representatives must be satisfied. The quoted constitutional provision establishing the age requirement does not do so. It does provide that the candidate must be an inhabitant of the state "when elected" but is silent as to the time when one must have attained the age of 25 to be eligible for House membership. It follows that defendant's candidacy is not an invasion of plaintiff's rights within the meaning of R.S. 19:13-12, inasmuch as the law does not deny defendant the right to be a candidate despite his lack of age which may delay if not prevent his seating if he is nominated and elected. This conclusion makes it unnecessary to decide defendant's contention that a judicial determination invalidating his candidacy would violate Article 1, section 5 of the Federal Constitution making each house the sole and exclusive judge of the elections and qualifications of its own members and "depriving the courts of jurisdiction to determine those matters," 54 Amer. Juris., "United States," § 17, p. 534; State ex rel. Wettengel v. Zimmerman, 249 Wis. 237, 24 N.W.2d 504.
The second ground of plaintiff's charge would, if proved, constitute an invasion of plaintiff's rights. See State v. Seymour, 77 F.2d 577, at 583 (8th Cir. 1935). Plaintiff, however, has the burden of proving his charge by clear and convincing evidence and he has not done so. Mere identity of names does not prove the charge. In many states, but not in New Jersey, provision is made in such cases for a statement *557 on the ballot showing the occupation of each candidate of the same or similar name or employing some other device to aid the voter to identify the candidate of his choice. In re Sullivan, 307 Pa. 221, 160 A. 853 (Supreme Court, Pa., 1932). The testimony offered was limited to challenges to the validity of signatures on defendant's petition and to the sufficiency of the execution of the affidavit appended to it. These are more properly matters to be determined by the Secretary of State in a proceeding under R.S. 19:13-10; but in any event the proofs fall far short of showing that the irregularities claimed were incidents of a scheme or plan by defendant to confuse the voters and adversely affect plaintiff's candidacy at the primary election.
Judgment of no cause for action will be entered against plaintiff and in favor of defendant.