28 N.J. Super. 192 (1953)
100 A.2d 333
DONALD CAMPBELL, PLAINTIFF-RESPONDENT,
v.
WILLIAM R. MESTICE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 2, 1953.
Decided November 6, 1953.
*194 Before Judges CLAPP, GOLDMANN and EWART.
Mr. William R. Mestice argued the cause pro se.
Mr. Sidney Krieger argued the cause for plaintiff-respondent (Mr. Samuel L. Marcus, attorney).
The opinion of the court was delivered by GOLDMANN, J.A.D.
Defendant appeals from a judgment of the Essex County District Court in plaintiff's favor in a rear-end automobile collision case.
Plaintiff was driving in a northerly direction on Route 35 in a line of traffic. The automobile ahead of him, driven by one Wallis, stopped suddenly; plaintiff stopped quickly but did not have time to give any hand signal; defendant, who was driving his car immediately behind plaintiff, struck the rear of plaintiff's car and drove it into the rear of the car preceding plaintiff.
Plaintiff testified that his car had stopped before defendant's car hit him, and this was corroborated by his passenger. Defendant testified he had been following plaintiff for about 10 miles at a distance of 15 to 25 feet, that plaintiff suddenly stopped, that he heard a crash and applied his brake, but not in time to stop before his car ran into the rear of plaintiff's. There was some corroboration from defendant's niece who was riding with him. However, she also testified that her uncle's car was a length or more behind plaintiff's, her uncle's speed was 40 miles per hour and there was a heavy impact between his car and plaintiff's. Defendant stipulated that the damages to plaintiff's car resulting from the accident amounted to $528.46.
The trial judge entered judgment for plaintiff. In the statement on appeal settled by the court, the trial judge *195 declares he found "the plaintiff and his witnesses very much more credible than the defendant and the one witness he produced." He found "especially incredible" a conversation testified to by defendant and in part by his niece, which in effect indicated that plaintiff said he was the negligent party. The trial judge expressly found that the parties had been travelling in a line of traffic for some distance and apparently at a speed of 30 to 40 miles an hour; that the line of traffic stopped suddenly and plaintiff stopped before he hit the car ahead of him; that defendant was negligent in following plaintiff's automobile too closely, having due regard for the speed of the preceding vehicle and traffic conditions; and that defendant's negligence was the proximate cause of the accident.
On analysis, the questions raised by defendant may be reduced to four: (1) the trial court erred in denying defendant's demand for a jury; (2) it erred in refusing to place the case on the military list until one of plaintiff's witnesses returned from service; (3) the court failed to give proper consideration to the answers to interrogatories made by the driver of the automobile directly preceding plaintiff's car; and (4) the evidence did not support the findings of fact and the judgment.
Defendant was served with a summons and complaint on October 15, 1952. Appearance was entered the next day. On December 8, 1953 defendant's attorney filed a counterclaim for property damage to defendant's car, and on the same day the attorney gave written notice to the clerk of the county district court that defendant demanded a jury trial of the cause. The attorney stepped out of the case on December 10 when he consented to the substitution of defendant as attorney pro se in his place and stead. Defendant on December 12, 1952 served notice that he would apply before the presiding judge of the Essex County District Court on December 18 for an order granting his demand for a trial by jury. Shortly thereafter he served another notice that he would apply on January 5, 1953 for an order suppressing the complaint because of plaintiff's failure to answer interrogatories *196 served on October 17, 1952, and would also request a jury trial on the counterclaim.
The court denied the motion for a jury trial on January 5, as well as the motion to suppress the complaint, and directed plaintiff to answer the interrogatories. On February 10, 1953 the court denied defendant's motion to place the case on the military list as requested under Rule A-22. A month later the court heard defendant's motion for approval of interrogatories, under Rule 7:6 (now R.R. 7:6) and under Rule 3:16-23 et seq. (now R.R. 4:21-1 et seq.). After considering objections to the interrogatories, it helped defendant frame them, ordered that they be mailed within seven days because the case had already been adjourned several times, and again adjourned the trial date. When, on March 23, defendant filed a paper entitled "Appointment of Judicial Officer With Authority to Take Depositions in Answering Annexed Interrogatories"  these interrogatories were addressed to Wallis, driver of the car that preceded plaintiff's automobile and then serving in the armed forces in Alaska  the court directed the clerk to return the paper to defendant for failure to mail the interrogatories within the seven-day period fixed.
The case was heard by the court, sitting without a jury, on April 6, after defendant's request for a further adjournment had been denied. It resulted in the judgment already mentioned.
Defendant then obtained an order to show cause why the judgment should not be set aside, the answers to the interrogatories having in the meantime been received by defendant from Alaska. The court heard argument on May 12, the return day of the order and, over plaintiff's objections, considered the interrogatories. After doing so and hearing argument by defendant, the court concluded that it had entered a correct judgment and therefore discharged the order to show cause.
There was no error in denying the demand for a jury trial. At the time in question trial by jury in the county district courts was governed by the provisions of Rule 7:8-1 *197 et seq. (now R.R. 7:8-1 et seq.). Either party to a county district court action may demand a trial by jury as provided by law. Rule 7:8-1, now R.R. 7:8-1. Such demand must be in writing and filed with the clerk, at the principal location of the court, not later than ten days after the time provided for the defendant to appear or answer (Rule 7:8-2(a), now R.R. 7:8-2(a)), and trial by jury shall be deemed waived unless timely demand therefore has been made and the party demanding the same has, at the time of making his demand, paid the required fee, Rule 7:8-2(b), now R.R. 7:8-2(b). As stated, the complaint was filed October 15, 1953; defendant had 20 days to appear or answer (Rule 7:5-4, now R.R. 7:5-4), and ten days thereafter to demand a jury trial. Although represented by counsel, no demand was made until December 8, 1952. The application came too late.
Defendant relies on Rule 7:8-2(d) (now R.R. 7:8-2(d)) which provides:
"The judge may, in his discretion, grant a writ for a jury at the plaintiff's expense, to be taxed in the costs of action notwithstanding the failure to make demand as herein provided."
A county district court may not under this rule grant a jury trial upon the belated demand of a defendant. We interpret the provision  and the county district court judge so dealt with it  as allowing the court to grant a jury trial on plaintiff's motion and at his expense in order to avoid his taking a dismissal under R.R. 4:42-1 (formerly Rule 3:41-1) and then instituting a new action and making timely demand for a jury.
Prior to the adoption of the rules of court governing the conduct of county district court actions, the procedure for obtaining a jury trial in the former district court was governed by N.J.S.A. 2:32-102 et seq. Rule 7:8-2 was taken from N.J.S.A. 2:32-107. In the case of Utilities Engineering Institute v. Bodenstein, 129 N.J.L. 249 (Sup. Ct. 1942), defendant made a belated demand for a jury trial in *198 the district court. Plaintiff's motion to dismiss the demand because not made in compliance with the statute was denied. The case was heard by a jury and resulted in a verdict and judgment in favor of defendant. On appeal, the Supreme Court reversed, holding that N.J.S.A. 2:32-107 conferred no discretion as to an untimely demand by a defendant, and that he was not entitled as of right to a jury trial because his demand had not been made within the time prescribed by the statute. Although N.J.S.A. 2:32-107 was not reenacted, and has been superseded by Rule 7:8-2, the cited case is directly in point.
There was likewise no error in the court's denial of defendant's request that the case be put on the military list until one of his witnesses, Wallis, returned from armed service. Rule A-22 (now R.R. 1:31-2), authorizing the court to place a case on the military list, has reference to a party. In accord, Soldiers' and Sailors' Civil Relief Act, 54 Stat. 1181, 50 U.S.C.A. App., § 521. Wallis is not a party to this action. Further, his presence at the trial as a witness was not necessary, since his testimony could be and actually was obtained by interrogatories.
Defendant next argues that the trial judge failed to give proper consideration to the answers to interrogatories submitted by Wallis. These answers were fully considered by the trial judge, over plaintiff's objection, on the return day of the order to show cause why the judgment entered on April 6, 1952 should not be set aside. His study of the answers did not change his opinion as to the correctness of the judgment, and he accordingly discharged the order to show cause. The answers themselves furnish no evidence as to just how the accident happened. They state merely that the car in front of Wallis made a quick stop and he had to apply his brakes to prevent a collision, that plaintiff's car struck the rear of the Wallis car, that the collisions were avoidable, and that defendant claimed plaintiff and Wallis were the cause of the accident. There is nothing in these answers which in any way adds to the proofs considered by the judge at the hearing.
*199 We cannot agree with defendant's final contention that the evidence does not support the findings of fact of the trial judge or the judgment. R.R. 1:5-3 (formerly Rule 1:2-20), which by R.R. 2:5 (formerly Rule 4:2-6) is made applicable to civil appeals to the Appellate Division, provides that
"On a review of any cause involving issues of fact not determined by the verdict of a jury, new or amended findings of fact may be made, but due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *"
The facts here were in controversy. The trial judge specifically found that plaintiff and his witnesses were more credible than defendant and his witness. The question of negligence was, in the circumstances here presented, peculiarly within the province of the trier of the facts. The permissive power conferred by the quoted rule is exercised in the sound discretion of this court. We are not persuaded that the trial court committed error. There is adequate support for its findings in the summary of the evidence presented for our consideration. We perceive no sound reason for rejecting them.
Affirmed.