(120 App. Div. 593)

### DENTON v. ABRAMS.

(Supreme Court, Appellate Division, Second Department. June 21, 1907.)

BROKERS—RIGHT TO COMMISSIONS—EMPLOYMENT.

Plaintiff, a real estate agent, was trying to sell his mother's land, and on the customer refusing to buy, because the tract was not large enough, plaintiff suggested he might also get for him part of the next tract, owned by defendant, and the customer agreed in such case to buy. Plaintiff then asked defendant if he would sell his land, informing him he had a customer for it, and defendant said he would sell for $500 an acre. Plaintiff then introduced the customer to defendant, and the two latter conferred, and agreed on the price of $450, and the customer bought both tracts. Plaintiff did not mention a commission to defendant, or claim to be his agent till after title passed. *Held*, there was no employment of plaintiff by defendant, and that he was not entitled to a commission.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 38, 39.]

Hooker, J., dissenting.

Appeal from Trial Term.

Action by Harry Denton against William J. Abrams to recover a commission for sale of real estate. From a judgment for defendant, entered on the dismissal of the complaint at the close of plaintiff's case, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Elvin N. Edwards, for appellant.
R. & A. H. Seabury, for respondent.

GAYNOR, J. The plaintiff called no witness, and the nonsuit was on his own evidence. He testified that he was trying to sell his mother's land, but the proposed buyer would not make a contract to

purchase it because it was not large enough for the purpose he wanted it for. The plaintiff then suggested that he might also get for him a part of the land adjoining, which was owned by the defendant, and in that case the proposed purchaser said he would buy. The plaintiff then saw the defendant and asked him if he would sell his land, and informed him he had a customer for it. The defendant said he would sell for $500 an acre. The plaintiff introduced the customer for his mother's land to the defendant, and the two latter conferred together and agreed upon the price of $450 an acre, and the customer took title to both pieces. There was in this no employment of the plaintiff by the defendant. The plaintiff never mentioned a commission to the defendant, or claimed to be his agent or broker, until after title was passed. That the plaintiff was employed by or acting in the interest of the purchaser is as consistent with the facts as that he was employed by the defendant. That the learned trial judge nonsuited on his own motion is not open to criticism. A trial judge is not in leading strings by counsel. If the plaintiff makes no case a trial judge is not compelled to waste the time of the court and others—keep people waiting—while he listens to evidence which is wholly unnecessary. The judgment should be affirmed.

Judgment affirmed, with costs. All concur, except HOOKER, J., who dissents.

HOOKER, J. (dissenting). The plaintiff was a real estate broker, and went to defendant and asked him if his property was for sale, as he thought he knew a customer who might buy it. Defendant told his price, and plaintiff said he would bring around the customer as soon as possible. Defendant said, "Go ahead." Plaintiff brought him around, the sale was consummated in every way, the plaintiff was the procuring cause, and there is no dispute as to the reasonable commissions. Against the defendant's wish, the court granted a nonsuit. I agree with the counsel who tried the case for the parties, and disagree with the learned court. There was a contract of employment. Plaintiff, a real estate broker, asked the owner if his property was for sale, said he knew a customer, and, when advised the property was in the market and what price was wanted, said he would bring the customer, and the defendant accepted this offer to enter into a contract of employment by his words, "Go ahead."

The judgment should be reversed.