WILLIAM C. WILSON, RESPONDENT, v. SELIG BRAUER, APPELLANT.

Argued March 9, 1922—Decided June 19, 1922.

1. A refusal to nonsuit for failure of proofs will not justify a reversal if the defect was supplied by evidence thereafter taken during the progress of the cause.
2. Where the evidence tends to show that the owner of an automobile expressly authorized a beginner, who had no driver's permit, and who, to the knowledge of the owner, knew nothing of the operation of an automobile, to run it upon the streets of a populous city for the purpose of learning how to operate it, the liability of the owner for an injury to a pedestrian, caused by the operator's want of knowledge and skill, is a question for the jury.

On appeal from the Supreme Court.

For the appellant, *Lazarus & Brenner* (*Nathan L. Goodman,* on the brief).

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

TRENCHARD, J.  William C. Wilson, the plaintiff below, while walking on the sidewalk of Columbia avenue, Jersey

City, was struck by an automobile owned by the defendant and was injured. He brought this action in the Hudson County Circuit Court to recover damages for such injuries. He obtained a verdict, and from the judgment entered thereon the defendant appealed to the Supreme Court and the judgment was there affirmed.

We are of the opinion that the judgment should not be disturbed.

There were only two grounds of appeal: (1) refusal to nonsuit, and (2) refusal to direct a verdict for the defendant.

The refusal to nonsuit for failure of proofs will not justify a reversal where, as here, the defect was supplied by evidence thereafter taken during the progress of the cause. *Sefler* v. *Vanderbeek & Sons,* 88 *N. J. L.* 636.

When the motion to direct a verdict was made the evidence justified the jury in finding, if they saw fit, the following matters of fact:

The defendant, Brauer, resided on Bleecker street in Jersey City. After having returned home in his automobile he authorized his chauffeur, Kennedy, to use his car for the purpose of teaching one Beck, a friend of the chauffeur, how to drive it. This authorization was given just as the chauffeur was about to take the car from the defendant's home to the garage, three or four blocks away, on the "Boulevard." Beck, who had no driver's permit, took the steering wheel, and the chauffeur sat beside him. During the course of his lesson, on the way to the garage, Beck ran the car, because of his lack of knowledge and skill, up on the sidewalk and injured the plaintiff.

Under that evidence, as we shall presently show, the liability of the defendant was a jury question.

The motion for a direction was grounded upon the contention that the evidence showed conclusively that Beck, the driver, was not the agent or servant of the defendant, and that the chauffeur was acting at the time outside of the scope of his employment.

We deem it unnecessary to determine whether or not that contention is well founded in fact, because, in any event, it

is inconclusive for the purpose of the disposition of the motion. The motion, and the argument upon which it was based, overlooks or ignores the precise character and extent of the evidence, and its true legal effect.

Of course it is quite true, as a general rule, that the owner of an automobile is not liable for an injury resulting from its operation by another, unless the person operating it is one for whose act the owner is responsible under the doctrine of *respondeat superior*.

But this case does not depend entirely upon the application of that doctrine. Where, as here, the owner of an automobile expressly authorizes a beginner, who had no driver's permit, and who, to the knowledge of the owner, knows nothing of the operation of an automobile, to run it upon the streets of a populous city for the purpose of learning how to operate it, he may be responsible for an injury to a pedestrian caused by the operator's want of knowledge and skill. The liability of the owner would rest, not alone upon the fact of ownership, but upon the combined negligence of the owner and driver, negligence of the one in authorizing the performance of a highly dangerous act with the machine, and of the other in its operation.

The underlying principle of the rule is stated in *Van Winkle* v. *American Steam Boiler Co.,* 52 *N. J. L.* 247, thus: "In all cases in which any person undertakes (or authorizes) the performance of an act which, if not done with care and skill, will be highly dangerous to the persons or lives of one or more persons, known or unknown, the law, *ipso facto,* imposes as a *public duty* the obligation to exercise such care and skill."

It is true, we believe, that automobiles are not generally held to be dangerous instrumentalities *per se*. Certainly, when carefully and intelligently handled, they are not usually dangerous to other persons using public highways with due care. But their great power, weight and speed endow them with dangerous potentialities, and, when not handled carefully by competent persons, they become, under certain con-

ditions, highly dangerous instrumentalities and a public menace, as this case illustrates.

No one will deny that an automobile in the hands of a person having no knowledge of how to drive it would be a dangerous machine to turn loose on busy streets and would constitute a menace to travelers. Now, as we have pointed out, there is evidence in the present case tending to show that the defendant owner expressly authorized his chauffeur to use his car for the purpose of teaching Beck how to drive it. This authorization was given just as his chauffeur was about to take the car from the defendant's home to the garage through a populous part of Jersey City. We think that the jury might fairly infer that the permission was to be presently exercised, that is to say, the authorization was to use the streets in the neighborhood of the defendant's home for the purpose of giving the lesson in driving. The result was that Beck actually ran the car up on the sidewalk and injured the plaintiff. We think that was a result which it was open to the jury to infer that the defendant, in the exercise of due care and foresight, should have anticipated as likely to occur. The motion for a direction of a verdict was therefore properly denied.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BERGEN, WHITE, HEPPENHEIMER. WIL-LIAMS, GARDNER, VAN BUSKIRK, JJ. 10.

*For reversal*—MINTURN, ACKERSON, JJ. 2.