CHESTER VAN SCIVER AND ALBURTUS HOFFMAN, BY THEIR NEXT FRIEND, RUSSEL VAN SCIVER, PLAIN-TIFFS-RESPONDENTS, v. ABBOTT'S ALDERNEY DAIRIES, A CORPORATION, DEFENDANT-APPELLANT.

Decided September 27, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Howard L. Miller.*

*Contra, Stanley K. Heilbron* and *Palmer & Powell.*

PER CURIAM.

The plaintiff Chester Van Sciver obtained a verdict in the Burlington County Circuit in his favor for the sum of $4,-127.50. There was a rule to show cause allowed why the verdict should not be set aside, and to that end the defendant presents six reasons:

1. Because the weight of the testimony disclosed the plaintiff was guilty of contributory negligence.

2. Because the weight of the testimony shows the automobile of plaintiff was being driven at a rate of speed without regard to the traffic conditions.

3. Because according to the weight of the testimony plaintiff Chester Van Sciver was in control of the automobile, he being the only one with a driver's license, and, therefore, was charged with the negligence of the operator of said automobile driver, who was only driving with a permit.

4. Because the court erred in permitting testimony of the operation of defendant's truck the day after the accident.

5. Because the verdict is excessive.

6. Because the verdict is in diver other respects erroneous and contrary to the testimony.

The brief of the defendant's counsel is devoted wholly to an attack upon the verdict rendered in favor of Van Sciver.

On the night of August 7th, 1926, Chester Van Sciver was riding with Alburtus Hoffman, at the latter's request, in an automobile, which had been borrowed by Hoffman, along a public road in Burlington county, and with them were two young ladies sitting in the back seat of the automobile.

The testimony developed that Hoffman was driving the car on a permit, but he had never been licensed as a driver. That Van Sciver was a licensed driver, and was sitting on the front seat with Hoffman. That Van Sciver's presence in the car, on the front seat with Hoffman, was for the purpose of complying with the Motor Vehicle law of this state, which requires that, when a person is driving a car under a permit, his operation of the car must be in the presence of and with a licensed driver. That Van Sciver was invited by Hoffman to ride with him, because he, Van Sciver, was a licensed driver,

and for the purpose of complying with the law as above indicated.

As the car was being driven along on the right side of the road, it being a dark misty night, it unexpectedly came into collision with a truck which was standing in the highway, with no lights on it, and at the same time there was a car approaching from the opposite direction.

Hoffman was driving the car, and, according to the testimony, the car was never operated at a greater speed than twenty-five miles an hour, and sometimes as low as ten miles an hour.

As the attack made upon the verdict, in favor of Van Sciver, is that he was guilty of contributory negligence, the defendant, in order to sustain such an allegation, was under a legal duty to establish that Van Sciver had control over the actual operation of the car at the time the accident took place, and in this respect it appears the defendant failed, since Van Sciver's presence in the car is accounted for by the uncontroverted fact that he was a licensed driver and had been invited as such by Hoffman, and was not in control of the car. The fact that he was a licensed driver did not, *per se,* give him any control over the actual operation of the car.

Furthermore, it appears that the trial judge very properly left for the jury's consideration the factual questions whether or not these young men were engaged in a common enterprise at the time of the accident, and whether or not Van Sciver exercised any control over the movements or operation of the car. Negligence by the driver, Hoffman, would not bar a recovery. The burden of establishing contributory negligence was upon the defendant. We cannot say that the finding of the jury, that Van Sciver was not guilty of contributory negligence, was clearly against the weight of the evidence.

The fourth reason relied on by defendant for setting aside the verdict is, that the trial judge permitted testimony touching the operation of the defendant's truck the day after the accident.

On this point one William Kee testified that he saw the truck being towed by another truck to the city of Burlington.

It is claimed on behalf of defendant that this testimony was harmful, but we are unable to see upon what theory this testimony tended to prejudice the jury, or what effect it could have had on the question of negligence, either on part of the defendant or on the part of the plaintiffs. Even if the testimony was irrelevant, it was in no respect prejudicial.

The reason relied on and argued by defendant's counsel, for a new trial, namely, that the verdict is excessive, is wholly without substance. The plaintiff sustained a fracture of the skull and of the lower jaw, and other serious injuries. The testimony in respect to the seriousness of the injuries leads us to the conclusion that the verdict of the jury was very moderate.

The rule to show cause is discharged, with costs.