GERTRUDE CULLINAN *vs.* AVEDIS KOOHARIAN.

MARCH 20, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

MURDOCK, J. This is an action of trespass on the case for negligence which was tried in the Superior Court by a justice thereof sitting without a jury. The case is in this court on defendant's exception to the decision of the court below overruling his demurrer to the declaration and on an exception to the decision of said court in favor of the plaintiff.

The defendant was on May 10, 1929, a duly licensed operator of a motor vehicle. On that day he drove the car of one Arzoomanian to Roger Williams Park and there permitted the said Arzoomanian, who was not a licensed operator, to operate his car within the confines of the Park. After driving around the Park for less than an hour said Arzoomanian drove to the Broad street entrance and came to a stop on the crosswalk at Broad street. Almost immediately he started the car again, went onto Broad Street, turned to his left and described an almost complete semicircle in the course of which he struck the rear end of a car going south, went across the sidewalk on Broad street and pinned the plaintiff against an iron seat near the entrance to the Park. The plaintiff was so seriously injured that amputation of a leg above the knee was necessary.

The defendant contends that the first two counts of the declaration set forth no cause of action. In substance the first count alleges that the automobile while being driven by Arzoomanian was under the supervision and guidance of the defendant and that it was the duty of the defendant to use due care to cause said automobile to be so operated as to prevent injury to the plaintiff. The second count charges that defendant was engaged in teaching or instructing Arzoomanian in the method of driving or operating said automobile and that he negligently permitted said Arzoomanian to operate his car on Broad street, a heavily traveled highway. The first count is based on the theory that the defendant is liable for the negligent operation of the car while under his control and direction. The defendant's principal objection to these two counts is that they do not set forth such a relationship between the defendant and Arzoomanian as to make the defendant liable for the negligent acts of Arzoomanian. He urges that it is only through the application of the law relating to principal and agent or master and servant that liability of the defendant can be established and as these two counts do not allege such a relationship they are fatally defective.

Section 5, Chapter 670, Public Laws, 1925, makes it unlawful for any person to operate a motor vehicle upon the public highway without a license for that purpose, and then provides: "that any person over sixteen years of age may operate a motor vehicle under the supervision of a properly licensed operator, which licensed operator shall be in such position in the vehicle being operated as to readily control at all times the operation of such motor vehicle. . . "
When a licensed operator, in the exercise of the privilege granted by the statute, permits an unlicensed person to drive an automobile under his direction he assumes the duty of exercising due care to prevent injury to persons and property by such unlicensed person. The duty arises by implication from the provisions of the statute and is independent of any other relation which may exist between the licensed

operator and the unlicensed person. In this view of the law both counts of the declaration state a case and the defendant's exception to the decision of the Superior Court overruling his demurrer thereto is overruled.

It appears from the record that the defendant at the request of Arzoomanian drove the latter's car to a service station for some slight adjustment and after this was made Arzoomanian suggested that they go for a ride. The defendant drove the car to Roger Williams Park where he turned the wheel over to Arzoomanian. There is not much doubt that this was done for the purpose of giving said Arzoomanian a lesson in driving. After driving around the Park for about an hour Arzoomanian drove the car to the Broad street entrance where he brought it to a stop on the crosswalk at Broad street. The defendant testified, and the trial justice found this to be the fact, that this stop was made at this point by his direction and that he then told Arzoomanian to give him the wheel. Arzoomanian refused and immediately started the car and drove into Broad street. Defendant further testified that he did not have an opportunity to leave the car before it was put in motion and that when the car was headed for the sidewalk he applied the emergency brake. The trial justice found for the plaintiff because the defendant did not prevent Arzoomanian from driving into Board street by applying the emergency brake or shutting off the ignition. It was the duty of the defendant to have done everything that a reasonably prudent person would have done to prevent Arzoomanian from driving into Broad street and had there been sufficient time for action directed to this end after the refusal of Arzoomanian to surrender the wheel, it would have been a violation of his duty had he failed to take such action. A licensed driver permitting an unlicensed person to drive a car under his direction can not relieve himself of liability by simply withdrawing permission to operate under his license. He must take such measures as the circumstances permit to prevent injury to the person or property of others

which may result from the negligent or unskillful driving of an unlicensed person. In other words, he must exercise the control which the statute contemplates. In the instant case the defendant caused the car to be brought to a standstill on the crosswalk with the intention of driving the car himself on Broad street. There is no evidence that he had any reason to believe that Arzoomanian would refuse to obey his instructions. As but a few seconds elapsed between the refusal of Arzoomanian to surrender the wheel and the injury to the plaintiff and as the defendant, when he saw the car was out of control, applied the emergency brake, the defendant in our opinion did all that was required of a reasonably careful person under the emergency in which he found himself. He cannot be held liable for failure to have exercised the highest degree of care and skill.

Defendant's exception to the decision in favor of plaintiff is sustained.

The plaintiff may appear on April 1, 1931, at ten o'clock a. m., and show cause, if any there be, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*Huddy & Moulton, Stuart H. Tucker,* for plaintiff.
*Grim, Littlefield & Eden, Charles H. Eden,* for defendant.