FRANK SARDO, Plaintiff, *v.* DONALD D. HERLIHY and Others, Defendants.

Supreme Court, Broome County, April 11, 1932.

*Lee, LeVene, Verreau & McAvoy,* for the plaintiff.

*Hinman, Howard & Kattell,* for the defendant Donald D. Herlihy.

*John J. Cucci,* for the defendants Henry Mariani and Mille Mariani.

PERSONIUS, J.   The plaintiff was a passenger in a car owned by the defendant Mille Mariani and driven by the defendant Henry Mariani, when it came in collision with a car owned and driven by the defendant Herlihy.   The plaintiff was injured and brought this action to recover damages therefor.   The jury rendered a verdict of $2,500 for the plaintiff against all defendants.   It, therefore, found that the defendant Herlihy and the defendant Henry Mariani were negligent and that the plaintiff was not.

Motions for a nonsuit and dismissal of the complaint were made by all defendants at the close of the plaintiff's evidence and at the close of all the evidence.   These motions were denied.

The defendants now move to set aside the verdict and also for a reconsideration of the denial of their motions for a nonsuit and dismissal of the complaint.

It appears that the defendant Henry Mariani had a learner's permit issued under subdivision 5 of section 20 of the Vehicle and Traffic Law.   Paragraph 2 thereof reads in part as follows: " The holder of a learner's permit shall not operate or drive a motor vehicle unless at all times under the immediate supervision and control of a driver duly licensed under this article.   No person who is not so licensed shall instruct another, nor shall any one give instructions to any person who does not hold a learner's permit in force and effect.   *Any person when instructing another, shall be liable with him for any breach of this article or of the general highway traffic law, or of any local ordinance, rule or regulation.*"   The plaintiff was the " driver duly licensed under this article," accompanying the

holder of the learner's permit, as required and provided for by said statute.

The jury having found Henry Mariani (hereinafter called the learner) negligent, the defendants say that his negligence is imputed to the plaintiff (hereinafter called the licensed driver), and that he is, therefore, guilty of contributory negligence as a matter of law and cannot recover.

The provision above quoted was formerly in section 289 of article 11 of the Highway Law. Articles 11 and 11–a of the Highway Law and the General Highway Traffic Law were repealed and embodied in the present Vehicle and Traffic Law (Vehicle and Traffic Law, § 99).

The defendants argue that when an occupant of a motor vehicle has the power or right and authority of control, the negligence of the driver is imputed to such occupant. They call attention to the cases of joint venture, master and servant and the like. They say that said section 20 of the Vehicle and Traffic Law placed the plaintiff (the licensed driver) in control, and argue therefrom that the negligence of the actual driver, Henry Mariani (the learner), is imputed to him.

The argument is not entirely without force. The statute in effect forbids the learner to operate a motor vehicle unless he yields some control to the duly licensed driver and makes the latter liable for any breach of certain laws, ordinances and regulations.

In passing we call attention to the fact that the language of the statute, while not too clear seems to place the " holder " of the learner's permit, rather than the " motor vehicle," under the control of the duly licensed driver who accompanies the learner. We think such is the fair construction of the language.

Was it intended by the Vehicle and Traffic Law, section 20, subdivision 5, to make the duly licensed driver accompanying a learner *civilly* liable with the latter for the latter's negligence? We think not.

The Vehicle and Traffic Law does not primarily relate to the civil liability of operators. Such liability may grow out of its violation, if the violation caused damage to person or property. But primarily the Vehicle and Traffic Law provides for the registration and licensing of motor vehicles, regulates their sale and transfer, limits the size thereof when driven on the highway, provides for certain equipment, provides for granting and revoking licenses, provides rules for driving and operating, and finally provides " penalties " or " punishment for violation." (§§ 70, 93.)

There is a broad distinction between penal liability imposed for the breach or violation of a statute and civil liability imposed for negligence. (*Clarke* v. *Doolittle*, 205 App. Div. 697.) True, the violation of a statute, if a proximate cause of damage, may constitute negligence and make the violator civilly liable, the same as other negligent acts which are not specifically made unlawful or penal.

At common law, an owner was not liable for the negligent acts of a bailee driver. When the Legislature sought to make him liable, it expressly provided (Vehicle and Traffic Law, § 59) that he should be " liable and responsible for death or injuries  *  *  *  resulting from negligence  *  *  *." It requires no enlargement of this statute by construction to show that it was intended to make an owner civilly liable, whether the negligence consisted of a violation of a statute or ordinance, or of some other negligent act. At common law a licensed driver, accompanying a learner, would not be liable for the negligence of the learner. If it was intended by section 20, subdivision 5, to make the licensed driver, accompanying a learner, civilly liable for the negligence of the learner, that is, to impute the negligence of the learner to such licensed driver, the statute could very easily have so provided. Furthermore, if it had been so intended, would not the Legislature have made the licensed driver liable for *all* negligent acts of the learner, and not merely for any breach of the statute, ordinances and regulations?

A statute which creates a liability where otherwise none would exist, or increases a common-law liability, will be strictly construed. (*Atwater* v. *Lober*, 133 Misc. 652, 655; *Smith* v. *Boston, etc., R. R. Co.*, 99 App. Div. 94, 98; *Williams* v. *Citizens', etc., Co.*, 122 id. 188, 192; *Gochee* v. *Wagner*, 257 N. Y. 344.)

Section 20, subdivision 5, makes no reference to negligence, imputed negligence or civil liability. It requires the presence in the car of a duly licensed driver and makes him liable with the learner for the breach of " this article of the General Highway Traffic Law [now the Vehicle and Traffic Law] or of any local ordinance, rule or regulation." Then by sections 70 and 93 the same law provides punishment and penalties for the breach of the provisions of the law, including section 20. We conclude that the Legislature attempted to make the licensed driver liable penally for violations of the statute, but that this legislation had no effect upon his civil liability or rights and should not be so construed.

Motion denied, with ten dollars costs.