FRANCES LaROSA, BY NEXT FRIEND, AND FRANK LA-
ROSA, RESPONDENTS, v. JOHN R. LIVEZEY, BURK
MOTOR COMPANY, A CORPORATION, JOHN P. DIE-
BOLD AND EDWARD P. KOHL, DEFENDANTS.

Argued February 8, 1932—Decided May 16, 1932.

For the respondents, *Anthony J. Siracusa.*

For the appellant, *Thompson & Hanstein.*

The opinion of the court was delivered by

Case, J.   Frances LaRosa, a minor, was injured as she was walking along the sidewalk of Atlantic avenue in Atlantic City by a Ford car that came over the sidewalk and pinned her against a wall.   The car had recently been purchased by John R. Livezey from the Burk Motor Company, and that company had sent John P. Diebold, a licensed motor vehicle driver and admittedly the company's agent, to teach Edward P. Kohl, Livesey's employe, how to drive.   At the time of the accident Kohl had no license to drive other than the learner's temporary permit granted under section 10, subdivision 2 of the Motor Vehicle act.   1 *Cum. Supp. Comp. Stat., pp.* 135-159.

The proofs were such as to permit this finding of fact:   At about mid-day of August 31st, 1926, Kohl, at the wheel, and Diebold, sitting at the right beside him, were returning from

an instruction trip. Kohl had driven the car through the heart of the city's business section to a point on Atlantic avenue opposite the Reading railroad station. There Kohl turned the car from the highway and endeavored to steer it through a seven-foot opening on the far side of the sidewalk. The car, instead of going through the opening, ran against the wall on the abutting premises, pinning Miss LaRosa against the wall, rebounding and hitting the plaintiff a second time. Kohl testified at the trial that in undertaking to drive in that area he had relied on Diebold's judgment and that Diebold had permitted him to do so.

Suit was brought in the Atlantic Common Pleas by the minor plaintiff for personal injuries and by her father, Frank LaRosa, for consequential damages against others and also against the Burk Motor Company. The action against the last named defendant was upon the ground that it, through its servant and agent, John P. Diebold, was guilty of negligence in that it had failed to exercise proper care and control over the operation and management of the automobile. The jury rendered a verdict of $5,000 against the Burk Motor Company. The company appealed to the Supreme Court and, upon an affirmance by that tribunal, brings its appeal here. Absence of proof of negligence on the part of Diebold is set up as the sole ground for reversal.

The pertinent part of section 10, subdivision 2 of the Motor Vehicle act (*supra*), as in force at that time reads as follows:

"It shall be lawful * * * to issue to any person * * * a written permit * * * allowing said person, for the purpose of fitting himself to become a motor vehicle driver * * * to operate a motor vehicle * * * while in the company and under the supervision of a licensed motor vehicle driver * * * and provided, further, that the said person, as well as such licensed motor vehicle driver, shall be held accountable for all violations of this act committed by the said person while in the presence of such licensed motor vehicle driver."

The action is not for a violation of the statute. However, in order to determine what relationship the appellant bore

to the operation of the car, we must regard the statute; for Diebold was there because of, and in the capacity defined by, the statute, and appellant was there in the person of Diebold. By the words of the statute Kohl was "under the supervision of" Diebold. It must be, therefore, that Diebold had supervision of Kohl. That was a duty which, in undertaking to qualify under the statute, Diebold necessarily assumed.

If Diebold was negligent in exercising supervision over the operation and management of the automobile, and the negligence was a proximate cause of the accident, then Diebold and, in him, the appellant were liable. These were questions of fact and they were resolved against the appellant by the jury; properly resolved, if there was sustaining evidence. We think that there was such evidence in Diebold's failure to take over the control of the car, when, upon arrival at the obvious destination, entrance across a traveled sidewalk was to be effected, and in that, when the accident was imminent, Diebold made neither act nor gesture toward preventing the mishap. No horn was blown, no brake was applied, the ignition was not shut off, control of the wheel was not seized, absolutely nothing of a precautionary or preventive nature was done during the period accompanied by the turning of the car toward the sidewalk, crossing over the walk, the hitting, the rebound and the second hitting of the plaintiff. It is asserted that the emergency brake and the gear control were not accessible to Diebold. Assuming that to be so, the service brake was apparently within his reach. To such extent as the mechanism of car control was inaccessible to Diebold, to that extent would the jury have added cause for finding that he was negligent in permitting Kohl to remain at the wheel for difficult and dangerous driving. The danger to the traveling public of the operation of an automobile on busy streets by a novice is commonly known. *Wilson* v. *Brauer,* 97 *N. J. L.* 482. That danger enjoins upon one who assumes the immediate supervision of the operation of an automobile by an untaught and unlicensed driver a greater degree of care than would otherwise be the case.

The judgment below will be affirmed.

*For affirmance*—PARKER, CAMPBELL, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 11.

*For reversal*—None.