60 N.J. Super. 278 (1960)
158 A.2d 849
FRANCES M. FORKER, PLAINTIFF-RESPONDENT,
v.
FELIX POMPONIO AND FREDERICK RICE, DEFENDANT-APPELLANT AND DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued February 15, 1960.
Decided March 14, 1960.
*281 Before Judges GOLDMANN, CONFORD and HANEMAN.
Mr. Frank M. Lario argued the cause for defendant and cross-claimant-appellant Pomponio (Mr. Joseph Pierce Lodge, attorney).
No appearance for plaintiff-respondent.
Mr. H. Hurlburt Tomlin appeared for defendant Rice (respondent on the appeal of the cross-claimant) but filed no brief and was not heard in oral argument.
The opinion of the court was delivered by CONFORD, J.A.D.
Plaintiff sustained personal injuries and her automobile was damaged as a result of being struck in the rear while standing at a street intersection in Haddon Township, waiting for a vehicle ahead of her to make a left *282 turn. The owner of the car which was in collision with plaintiff's vehicle was the defendant Pomponio, who was riding in the front seat of the car alongside the driver, the defendant Rice, the latter the holder of a learner's temporary permit to drive. The trial judge, sitting in the Camden County District Court without a jury, found for the plaintiff against both defendants in the amount of $1,437.35. The defendant Rice was found negligent in operation of the car and the defendant Pomponio in supervising Rice. Only Pomponio appeals.
The first ground of appeal is that the finding that Rice was the operator of the motor vehicle was error in view of plaintiff's testimony that Pomponio told her that he was the driver. There is no merit in the argument. The complaint and the plaintiff's answers to interrogatories were to the effect that Rice was the driver, and Pomponio so testified when called as plaintiff's witness.
The second point urged is that there is no evidence of negligence in the operation of the overtaking vehicle. Since the present appeal is only by Pomponio, the proposition urged is not necessarily material insofar as he is concerned. The critical question is whether he was negligent in supervising the permit holder in his charge, resulting proximately in the accident. LaRosa v. Livezey, 109 N.J.L. 162, 163 (E. & A. 1932).
There is no suggestion that plaintiff was herself in any way negligent. She testified she had stopped about a minute when she was struck; she did not stop suddenly. After the accident, Pomponio walked over to her car, said he was the driver and told her he would pay for the damage. Pomponio, called by plaintiff, said he knew that Rice held a permit. Testifying on his own behalf, he said he was sitting in the front as the licensed driver. Rice was driving at from 5 to 7 miles per hour because the other car "was going slow." When the other car came to a stop, the Rice car was 8 or 10 feet behind. There was heavy traffic at the time. When asked if he was observing the operation of *283 the vehicle he said, "I saw he was driving all right the machine."
Rice was not present at the trial, being then in military service, but he was represented by counsel.
N.J.S.A. 39:3-13 provides that a person to whom a learner's permit has been issued may operate a motor vehicle in this State "while in the company and under the supervision of a licensed motor vehicle driver," and, further, that such permit "shall be sufficient license for the person to operate an automobile * * * while in the company of and under the control of a licensed motor vehicle driver of this State." The section also provides that the licensed driver shall be liable for all violations of the Motor Vehicle Act committed by the permittee. While it is clear that the last cited provision does not impose tort liability on the licensee for the negligence of the permittee in operating the vehicle, LaRosa v. Livezey, supra (109 N.J.L., at page 163); see also Sardo v. Herlihy, 143 Misc. 397, 256 N.Y.S. 690 (Sup. Ct. 1932), and Wolpert v. Garrett, 278 App. Div. 893, 105 N.Y.S.2d 21 (1951) (construing a similar New York statute); and cf. Roberts v. Craig, 124 Cal. App.2d 202, 268 P.2d 500, 502-503, 43 A.L.R.2d 1146 (Dist. Ct. App. 1954), the first-quoted statutory provisions nevertheless specify the substance of the duty necessarily undertaken by one who accompanies a permittee as the licensed driver and which is owed by him to the public  to supervise and control the permittee. In this regard he is to use reasonable judgment and care in exercising such supervision. LaRosa v. Livezey, supra (109 N.J.L., at page 164). See also Greenie v. Nashua Buick Co., 85 N.H. 316, 158 A. 817, 818 (Sup. Ct. 1932), in which the court observed that in implementation of the policy of such statutory provisions, "Unless the instructor exercises control over the acts of the learner and the movements of the car, his presence serves no useful purpose so far as the protection of those using the highways is concerned." And see Cullinan v. Kooharian, 51 R.I. 250, 153 A. 877, 878 (Sup. Ct. 1931).
*284 Hence, the licensee's liability is not based upon the imputation to him of the negligence of the permittee. See, contra, Kelley v. Thibodeau, 120 Me. 402, 115 A. 162, 163 (Sup. Jud. Ct. 1921); Reetz v. Mansfield, 119 Conn. 563, 178 A. 53, 55-56 (Sup. Ct. 1935). Nor, obviously, is it negligent merely to permit an unlicensed person to drive  clearly the statute allows the privilege of teaching one to drive. Ritchie v. Burton, 292 S.W.2d 599, 607-608 (Mo. Ct. App. 1956). Rather, the liability of the licensee is predicated only on his independent duty to supervise the permittee, and the sole basis of his liability is negligent supervision  not necessarily the negligent driving of the learner per se. Thus, although a permittee may not be negligent when the vehicle he is operating is involved in an accident, giving due consideration to his skill, competence and obedience to his instructor's directions, nevertheless the supervising licensee may be negligent, either because his instructions were not reasonable under the circumstances or because he failed to take reasonable measures to observe the danger and attempt to avert it. Greenie v. Nashua Buick Co., supra (158 A., at page 818); Frye v. Baskin, 231 S.W.2d 630, 635 (Mo. Ct. App. 1950). Conversely, the permittee may be negligent and the licensee not, if, under the circumstances, the latter did "all that was required of a reasonably careful person." Cullinan v. Kooharian, supra (153 A., at page 878); Ritchie v. Burton, supra. Cf. Van Sciver v. Abbott's Alderney Dairies, 6 N.J. Misc. 949, 951 (Sup. Ct. 1928).
The degree of competence of the permittee does not alter the supervisory duty of the licensee. It is merely one of the circumstances which must be taken into account in passing upon the sufficiency of the care of the licensee in directing him. Clearly a driving situation which a licensee might reasonably allow a more experienced permittee to handle would not be appropriate for an absolute novice. See Wilson v. Brauer, 97 N.J.L. 482 (E. & A. 1922); Ritchie v. Burton, supra (292 S.W.2d, at page 608); *285 Greenie v. Nashua Buick Co., supra. But the fact that the licensee has confidence in the skill of the permittee or that his accompanying him is not for the specific purpose of instruction cannot absolve him from his statutory duty to exercise such supervision as the circumstances may reasonably call for. In any event, it would seem clear that he always has the duty "to object to patent mismanagement" of the car and to be alert to highway dangers, taking reasonable steps either by warnings or by direct acts of control over the vehicle to avoid them. Roberts v. Craig, supra (268 P.2d, at page 504); LaRosa, supra (109 N.J.L., at page 164); Ritchie v. Burton, supra; cf. Van Sciver v. Abbott's Alderney Dairies, supra.
The proofs here are fairly susceptible of the conclusion that Pomponio failed to exercise reasonable supervision over Rice, knowing him to have only a learner's permit. While it may not necessarily have been negligent to allow Rice to drive on a crowded thoroughfare, cf. Wilson v. Brauer, supra, the inferences are that while he had the opportunity to attempt prevention of the mishap, he made no effort to do so. Note that Pomponio testified that his car was moving at only about 5-7 miles per hour. If one is to believe plaintiff's testimony that her car was stopped for a full minute (or even less) before Rice ran into her rear end, then Pomponio inferably had sufficient time and opportunity to observe that fact and as to whether or not Rice, in response to that situation, was braking the automobile. Yet Pomponio does not say that he warned Rice to stop at any time before the collision or that he made any attempt to stop the car himself when he observed plaintiff's car stopped 8 to 12 feet ahead. Cf. Cullinan, supra; LaRosa, supra. His statement that he saw plaintiff's car and that shortly thereafter his car struck it supports the inference that he took no precautions and was inadequate in supervising Rice. These defaults warranted the finding of negligence.
*286 Defendant Pomponio contends that the sole purported basis for the trial judge's ruling against him was that he allowed a permittee to drive the car. We disagree with this interpretation of the court's oral conclusions. The stated basis for the verdict comports with the principles stated above.
It is also charged that there was an abuse of discretion in refusing to grant a continuance based on the military service of the defendant Rice. Rice was represented below and, as noted, takes no appeal from any action of the trial court. Defendant Pomponio had no status to make the motion (shown by the appendix) to have the case placed on the military list, based on Rice's military service, and he is not legally aggrieved by the denial of that application. He was not the intended beneficiary of the statute and rule of court protecting defendants in military service, 54 Stat. 1181, 50 U.S.C.A. Appendix, § 521; R.R. 1:31-2. Campbell v. Mestice, 28 N.J. Super. 192, 198 (App. Div. 1953). Insofar as Pomponio complains he was prejudiced by Rice's absence and the consequent unavailability of his testimony, we find no abuse of the trial judge's discretion. Such testimony could have been obtained by depositions out of State or answers to interrogatories. We are also unimpressed by the contention that the verdict was excessive. We find it supported by the proofs.
Lastly, it is urged that the court erred in dismissing the cross-claim of the defendant Pomponio against the defendant Rice. It may be noted that Rice's attorney appeared at the oral argument but was not permitted to be heard, since he had not filed a brief, except to say he did not think a brief was necessary and that he was urging the affirmance of the dismissal of the cross-claim.
The first question which presents itself in connection with this ground of appeal is whether it is comprehended within the notice of appeal. By this notice, appeal was taken "from the final judgment of the Camden County District Court entered in favor of the plaintiff in this action on *287 the 8th day of July, 1959." That judgment is not set forth in defendant's appendix, as it should be. R.R. 1:7-2. In any case, we are informed that the disposition of the cross-claim did not take place until the entry of the order denying a new trial which was sought, in part, on the ground of the court's failure to make a decision on the cross-claim at the trial. That order, made August 21, 1959, incorporates a determination that "a judgment of no cause of action be entered on the cross-claim" (misdescribed as being by Rice against Pomponio). We are afforded no explanation of the trial court's action. A brief on behalf of Rice would have been helpful in this respect.
Ordinarily, appeal of a final judgment brings up for review all errors properly complained of, including the denial of a new trial, Kazanjian v. Atlas Novelty Co., 34 N.J. Super. 362, 372 (App. Div. 1955). In the interests of justice, and under the peculiar set of circumstances presented, we are construing the reference in the notice of appeal to the judgment as descriptive thereof, rather than restrictive of the scope of the appeal intended thereby, and shall accept the notice as effective to embrace within the appeal the action of the court in dismissing the cross-claim.
We observe that the cross-claim is defectively pleaded. It is in the same form and subject to precisely the same deficiencies as were noted, as to the pleading there involved, in Mijon v. Acquaire, 51 N.J. Super. 426, 438-441 (App. Div. 1958), certification denied 28 N.J. 146 (1958). Since, however, in substance a prima facie showing of a case for contribution from a joint-tortfeasor is made out, and the defendant Rice not having raised the point or indicated prejudice, we shall overlook the pleading defect for present purposes, but without any implication that this is a precedent.
There is no reason apparent to us (handicapped as we are by the absence of a brief for Rice or an explanation of the trial ruling) why defendant Pomponio should not, on the facts and adjudication of liability before us, have a judgment of contribution from Rice as joint tortfeasor (conditioned *288 upon his paying more than his just share of the judgment), pursuant to the Joint Tortfeasors Contribution Law (N.J.S. 2A:53A-1 et seq.) and the cases construing it. See, e.g., Sattelberger v. Telep, 14 N.J. 353 (1954); Mijon v. Acquaire, supra; Donofrio v. Farr Lincoln Mercury, Inc., 54 N.J. Super. 500 (App. Div. 1959). The accident and the ensuing damages sustained by plaintiff would appear, from the trial findings, to have resulted from the joint negligence of both defendants. If there be any reason in fact or law not to award a judgment on the cross-claim, it may be pursued on the remand. The cross-claim should be repleaded in conformity with the directions in Mijon v. Acquaire, supra, and a full record made of the subsequent proceedings, including the basis for the new determination to be made by the trial court.
On the appeal from the judgment for plaintiff, the judgment is affirmed. On the appeal from the dismissal of the cross-claim, the judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.