according to the teachings of long experience, demonstrates a causal relationship."

As stated in the *Ciuba* case, the measure of the weight of the evidence "is 'the feeling of probability which it engenders.' "

 Under the evidence, it is more probable that a person of petitioner's age, emotional fears and hypertension would suffer such stresses and strains by reason of her error in her trial balance, superimposed on her other troubles, as would be sufficient to precipitate or accelerate the resulting coronary infarction, and this court so finds.

This court is in doubt as to the extent of the permanent disability and would appreciate hearing argument on that issue on Friday, March 10, 1961, at 10 A. M.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. LEWIS GELMAN, DEFENDANT-APPELLANT.

Essex County Court
Law Division

Decided February 24, 1961.

Mr. *Donald H. Mintz,* Assistant Prosecutor, argued the case for the State (*Mr. Brendan T. Byrne,* Essex County Prosecutor, attorney).

Mr. *Jack I. Doppelt* argued the case for the defendant (*Mr. Leo J. Berg,* attorney).

MATTHEWS, J. C. C. Defendant appeals his conviction under the provisions of *N. J. S. A.* 39:3–13, in the Municipal

Court of the Township of Maplewood. The facts leading to the conviction are not in dispute. Defendant, a licensed driver of this State, was controlling and in the company of another person of the age of 17 years who was operating the motor vehicle owned by defendant under a learner's permit issued by the Director of the Division of Motor Vehicles. The permittee, while so operating defendant's motor vehicle in the vicinity of Springfield Avenue, at its intersection with Burnett Avenue, in the Township of Maplewood, passed through a red traffic signal, in violation of *N. J. S. A.* 39:4-81. The permittee-driver pleaded guilty to the offense as charged, whereupon defendant, as the licensee-passenger, was found accountable for, and therefore guilty of, the violation of the permittee-driver, under the provisions of *N. J. S. A.* 39:3-13.

Defendant argues that the provisions of *N. J. S. A.* 39:3-13 do not impose an absolute liability upon a licensee-passenger who undertakes to supervise the operation of a motor vehicle by a permittee-driver, where such permittee is found to be guilty of a violation of the Motor Vehicle Law. Defendant contends that the statute requiring the licensee-passenger to exercise control also provides that the liability of the licensee-passenger for the transgressions of his permittee can only obtain where the licensee-passenger has failed to exercise proper control. I do not agree with this contention.

The pertinent provision of *N. J. S. A.* 39:3-13 reads as follows:

"* * * The permit shall be sufficient license for the person to operate a motor vehicle or motor cycle in this State during the period specified, while in the company of and under the control of a licensed motor vehicle driver of this State. Such person, as well as the licensed motor vehicle driver, shall be held accountable for all violations of this subtitle committed by such person while in the presence of the licensed driver. * * *"

It is to be noted at the outset that the provisions of the statute in question do not distinguish between violations

committed by a permittee while in the presence of a licensed driver, and those committed while in the presence of such driver and under his control. It is significant that the first sentence of the quotation refers to two requirements before the permittee may operate a motor vehicle, *i. e.*, the company and control of a licensed motor vehicle driver; the accountability feature of the statute, as found in the second sentence of the above quotation, refers only to violations committed by the permittee in the presence of the licensed driver.

No decision construing the penal effect of *N. J. S. A.* 39:3–13 has been called to the attention of the court. Numerous cases exist in this State dealing with the problem of whether or not the statute imputes the negligence of the permittee-driver to the licensee-passenger in civil cases. These decisions make it abundantly clear that negligence in such circumstances is not imputed, and that the licensee is only liable for negligent supervision of the permittee which is established as the proximate cause of the injury to the plaintiff. See *Forker v. Pomponio,* 60 *N. J. Super.* (*App. Div.* 1960); *La Rosa v. Livezy,* 109 *N. J. L.* 162 (*E. & A.* 1932). In *Forker v. Pomponio,* Judge Conford, in his opinion holding that the statute in question does not impute negligence between a permittee-driver and a licensee-passenger, stated (60 *N. J. Super.,* at *p.* 283):

"*N. J. S. A.* 39:3–13 provides that a person to whom a learner's permit has been issued may operate a motor vehicle in this State 'while in the company and under the supervision of a licensed motor vehicle driver', and, further, that such permit 'shall be sufficient license for the person to operate an automobile * * * while in the company of and under the control of a licensed motor vehicle driver of this State.' The section also provides that the licensed driver shall be liable for all violations of the Motor Vehicle Act committed by the permittee."

While this extract from the *Forker* opinion is clearly *dictum,* it may be taken to indicate the probable meaning of the statute as seen by the Appellate Division.

Comparison of a similar New York statute, 62*A McKinney's Consolidated Laws*, § 20, *subd.* 4(*b*),[1] with *N. J. S. A.* 39:3–13, is helpful. The New York statute provides in part:

"\* \* \* The holder of a learner's permit shall not operate or drive a motor vehicle unless at all times under the immediate supervision and control of a driver at least eighteen years of age duly licensed by the Commissioner under this article. \* \* \* Any person when instructing another shall be liable with him for any breach of this chapter or of any local ordinance, rule or regulation. \* \* \*"

The quoted language of this statute clearly indicates the liability of both the permittee-driver and the licensee-passenger for breach of the traffic laws by the permittee. It is significant that the liability of the licensee is circumscribed only by the condition that breach of the law be committed by the permittee while the licensee is instructing, despite the fact that the New York statute, like its New Jersey counterpart, requires control by the licensee while the permittee is operating a motor vehicle. In *Sardo v. Herlihy*, 143 *Misc.* 397, 256 *N. Y. S.* 690 (1932), the New York Supreme Court indicated that the New York Legislature, in section 20, *subd.* 4(*b*), *supra*, attempted to make the licensee-driver liable penally for violations of the statute. *Cf. Roberts v. Craig*, 124 *Cal. App.* 2d 202, 268 *P.* 2d 500 (*Cal. D. Ct. App.* 1954). The New York statute, which, as has been stated, circumscribes the liability of the licensee only by the condition that breach of the law be committed by the permittee while the licensee is instructing, should be of no stronger effect than *N. J. S. A.* 39:3–13. The circumscription of liability for the licensee under the New Jersey statute is that the violation committed by the permittee be in the presence of the licensed driver. I believe that the phrase, "when instructing," as found in the New York statute, may be equated with the phrase, "in the presence of," as found in the New Jersey statute. Considering this,

---

[1] Now Vehicle and Traffic Law, § 501, subd. 4, par. b.

it appears to me that the proper construction of the New Jersey statute should be that a violation of any provision of *subtitle* 1 of *Title* 39 by a permittee-driver renders him accountable and, therefore, liable penally as provided thereunder, upon conviction, and that the accountability of the licensee-passenger who has undertaken to supervise and control the driving of the permittee is predicated upon violation of the subtitle in the presence of the licensee, and conviction of such permittee therefor.

Defendant also urges that if *N. J. S. A.* 39:3–13 is construed to visit absolute liability upon a licensee-passenger for violations of the Motor Vehicle Act, as referred to therein, a licensed driver will be placed in the incongruous situation wherein, assuming an accident involving death to a pedestrian and notwithstanding a reasonable attempt by the licensee-passenger to control the permittee-driver, the licensed driver would be held to have committed the violation of death by automobile. This argument is clearly specious since *N. J. S. A.* 39:3–13 holds the licensee-passenger accountable only for violations of *subtitle* 1 of *Title* 39 which subtitle does not include provision for liability for death by automobile.

It is my determination that the Legislature, in enacting *N. J. S. A.* 39:3–13, intended to render a licensee-passenger liable for all violations of *subtitle* 1 of *Title* 39 for which a permittee-passenger is found guilty while in the presence of the licensee-passenger. This legislative intent is not repugnant to our philosophy of law, considering the responsibility which has been vested in a licensed driver of this State who undertakes voluntarily to instruct and supervise a permittee-driver in the operation of a motor vehicle. Public policy requires that such undertaking by a licensed driver should be assumed with full regard for safety of the public. The threat of vicarious liability for violations of the Motor Vehicle Law by his pupil should act to give the licensed driver who undertakes to instruct and supervise a beginner pause for sober reflection and full realiza-

tion of his responsibilities. Where a violation of the Motor Vehicle Act has been committed by the permittee, and he has been convicted thereof, the accountability of the driver-passenger must, therefore, be absolute.

Defendant is accordingly found guilty of the offense as charged and fined in the amount of $10, together with costs of $8.50, in this court.