852 So.2d 634 (2003)
Lincoln E. WARREN, Sr., By Lincoln E. WARREN, Jr., Conservator, Appellant,
v.
Jack L. GLASCOE and Margaret C. Glascoe, Appellees.
No. 2001-CA-01368-COA.
Court of Appeals of Mississippi.
February 11, 2003.
Rehearing Denied May 20, 2003.
*636 Bill Waller, Jackson, attorney for appellant.
William W. McKinley, Joshua J. Wiener, Jackson, attorneys for appellee.
Before McMILLIN, C.J., THOMAS and CHANDLER, JJ.
*637 CHANDLER, J., for the court.
¶ 1. On November 7, 1998, fifteen year old Daniel Shields was driving his grandfather's vehicle when he collided with Lincoln Warren, Sr. on County Line Road in Ridgeland, Mississippi. Warren filed suit against Daniel's grandparents, Jack and Margaret Glascoe, claiming vicarious liability and negligent supervision. The Hinds County Circuit Court granted summary judgment in favor of the Glascoes stating there was no genuine issue of material fact. Warren appeals. Finding no error, we affirm.

FACTS
¶ 2. Fifteen year old Daniel Shields spent a Friday night with his grandparents, Margaret and Jack Glascoe, at their home in Jackson. On the following morning, Daniel, who had received his learner's permit approximately thirty days earlier, drove Margaret to Yazoo City and back to Jackson in Jack's automobile. The two ran errands consisting of going to Margaret's deceased mother's home in Yazoo City to pick up some items and to Margaret's hair appointment in Canton. On the return trip, Daniel collided with a vehicle driven by Lincoln Warren, Sr. on County Line Road in Ridgeland. Warren alleges that since the accident he suffers from a semi-comatose condition.
¶ 3. The Mississippi Court of Appeals has previously heard an appeal arising out of this case. Warren v. United States Fidelity and Guaranty Company, 797 So.2d 1043 (Miss.Ct.App.2001). Warren first filed suit against the Glascoes's insurance company United States Fidelity and Guaranty Company. Id. at 1044(¶ 2). Warren claimed the Glascoes were negligent in their supervision and in entrusting the car to Daniel. Id. The trial court granted summary judgment and this Court affirmed stating that the Glascoes's insurance policy excluded coverage for personal injuries arising out of the causes of action the plaintiff claimed. Id. at 1045(¶ 10).

LAW AND ANALYSIS
¶ 4. In cases involving the review of a summary judgment this Court must employ a de novo standard. Rawson v. Jones, 816 So.2d 367, 368(¶ 4) (Miss.2002). Thus, this Court uses the same standard as the trial court. Clark v. Illinois Central Railroad Company, 794 So.2d 191, 194(¶ 4) (Miss.2001). In reaching this determination, this Court examines affidavits and other evidence to determine whether a triable issue exists, rather than for the purpose of resolving that issue. M.R.C.P. 56 cmt. The evidence must be viewed in the light most favorable to the nonmoving party, who is to be given the benefit of every reasonable doubt. Smith v. Sanders, 485 So.2d 1051,1054 (Miss.1986).

I. WHETHER THE EVIDENCE ESTABLISHES THAT THERE IS A GENUINE ISSUE OF MATERIAL FACT WHICH SHOULD HAVE PREVENTED THE TRIAL COURT FROM GRANTING SUMMARY JUDGMENT ON THE BASIS THAT THE APPELLEE IS VICARIOUSLY LIABLE FOR THE APPELLANT'S INJURIES AS A MATTER OF LAW.
¶ 5. The appellant purports that this is a case of first impression. The appellant contends that the Glascoes are vicariously liable, not under the family purpose doctrine, but under an agency doctrine. He contends the grandparents had a master/servant relationship with their grandson because the trip was for the benefit of the grandparents with the grandmother serving as the co-driver. He argues that the grandson was simply serving as the chauffeur.
*638 ¶ 6. The appellant states that the trial court was in error because the judge based his summary judgment ruling on the abolished family purpose doctrine. Under the common law family purpose doctrine the head of a household can be held liable for the negligent acts of a member of the family while using a family vehicle. Smith v. Dauber, 155 Miss. 694, 698, 125 So. 102, 102 (1929). Mississippi courts have consistently held that the family purpose doctrine does not apply in Mississippi. Prewitt v. Walker, 231 Miss. 860, 864, 97 So.2d 514, 516 (1957). Vicarious liability for family members is based upon the following statute.
[A]ny negligence or wilful misconduct of a minor under the age of seventeen years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly or severally liable with such minor for any damages caused by such negligence or wilful misconduct.
Miss.Code Ann. § 63-1-25 (Rev.1996).
¶ 7. In Houston v. Holmes, 202 Miss. 300, 303, 32 So.2d 138, 139 (1947), the Mississippi Supreme Court stated that statutes in "derogation of the common law are, as a general rule, strictly construed." Such a statutory liability is not to be extended "beyond that which is clearly indicated by its express terms." Id. Daniel's father was the person who signed Daniel's license but he is not a defendant in this case. The statute does not apply to the defendants in this case.
¶ 8. In arguing vicarious liability based on a master/servant relationship, the appellant cites to a Wisconsin case where the father was held liable for his son's negligent operation of his lawn mower. Giese v. Montgomery, 111 Wis.2d 392, 331 N.W.2d 585, 597 (1983). The court ruled that the son was acting as the father's servant; therefore, creating an agency relationship, making the father liable for the negligent operation of the lawnmower. Id. "To act as master the parent must obtain some benefit or advantage from an activity undertaken by the child at the request or express desire of the parent." Id. "The business need not be an undertaking for profit, but embraces any benefit which may inure to the parent." Id.
¶ 9. The appellant argues that the same situation applies here. The appellant states the trip leading up to the accident was conceived by the Glascoes for their benefit, including transportation of objects from the home of Margaret's mother in Yazoo City and Margaret's beauty shop appointment in Canton.
¶ 10. Mississippi case law establishes that a master/servant relationship can be created between family members. Terry v. Smylie, 161 Miss. 31, 40, 133 So. 662, 664 (1931). However, the relationship cannot be presumed but must clearly be established. Slaughter v. Holsomback, 166 Miss. 643, 654, 147 So. 318, 321 (1933). Where the general relationship of master and servant is shown, a rebuttable presumption is raised that the servant at the time of the accident was engaged in the scope of his employment and in the furtherance of the business of the master. Id..
¶ 11. Mississippi case law indicates that a master/servant relationship can be created by an employer/employee relationship. Id. An employer/employee relationship is established by a "written or oral, expressed or implied" contract. Miss.Code Ann. § 71-3-3 (Rev.2000). We do not find that the loosely formed agreement between the defendants and their grandson constitutes an employer/employee relationship.
*639 ¶ 12. Mississippi also recognizes that a master/servant relationship can be created where the automobile owner and driver are both involved in a joint mission or venture. Terry v. Smylie, 161 Miss. 31, 38, 133 So. 662, 664 (1931). In Buford v. Horne, 300 So.2d 913, 916 (Miss.1974), the court established that a joint venture is one in which the occupants of the vehicle are on a journey that involves a "community of interest and obligation." It is key that each occupant has the right to a voice in the operation and control of the vehicle. Id.
¶ 13. In Terry, 161 Miss. at 39-40, 133 So. at 664, two brothers wrecked their automobile while driving to a pleasure resort. The brother in the passenger seat was the owner of the automobile. Id. The plaintiff sued the owner arguing that the owner was vicariously liable for his injuries under a master/servant relationship. Id. The court held that the owner was liable because they were "going on a joint enterprise." Id. The court stated that it did not matter that they were not on a business trip. Id. In Avent v. Tucker, 188 Miss. 207, 220, 194 So. 596, 600 (1940), the court held the wife vicariously liable for her husband's negligence in driving her car. The facts indicated that she was present in the automobile and that the two were in route to pick up their mail. Id., 188 Miss. at 220, 194 So. at 599. The court stated that where the owner and the driver are driving together on a joint mission or venture, then a master/servant relationship has been created. Id.
¶ 14. In the case at bar, the owner, Jack Glascoe, was not a passenger. Although Margaret was a passenger in the car, she did not own it. The facts indicate that the mission of the trip was not for the mutual benefit of both the occupants. Therefore, it cannot be held that Jack or Margaret had a master/servant relationship with Daniel created by a joint venture.

II. WHETHER THE EVIDENCE ESTABLISHES THAT THERE IS A GENUINE ISSUE OF MATERIAL FACT WHICH SHOULD HAVE PREVENTED THE TRIAL COURT FROM GRANTING SUMMARY JUDGMENT ON THE BASIS THAT THE APPELLEES NEGLIGENTLY SUPERVISED THE MINOR'S DRIVING.
¶ 15. The appellant lists four reasons why the grandparents were negligent: (1) allowing a beginner driver to drive a large vehicle on main roads and highways; (2) not controlling the activities of the driver, including a left turn into a head-on collision; (3) allowing Daniel to drive over a seven-hour period of time through numerous areas including stops to accommodate the needs and wishes of the co-driver; and (4) failure to warn.
¶ 16. To prove negligent supervision, like all negligence claims, requires the plaintiff to establish "the existence of a duty of care, a breach of duty, proximate causation, and compensable damages." Chandler v. Coleman, 759 So.2d 459, 463(¶ 16) (Miss.Ct.App.2000).
¶ 17. "Common law traditionally has not imposed a broad duty upon individuals to control the conduct of others." Hazel Glenn Bell, Tort Liability for Intentional Act of Family Members: Will Your Insurer Stand By You?, 68 Tenn L.Rev. 1, 6 (2000). However, under common law a special relationship is recognized between children and parents. Williamson v. Daniels, 748 So.2d 754, 759-760(¶ 13) (Miss. 1999). This special relationship imposes a duty upon a parent to exercise reasonable care in the supervision of their minor children so as to prevent them from intentionally *640 injuring others. Id. The Mississippi Supreme Court has held that a parent may only be held liable for negligent supervision if they have notice of prior malicious acts similar to the act within the complaint. Id.
¶ 18. This case does not involve parents but grandparents. There is no Mississippi case law that extends the special duty recognized between parent and child to other members of the family. Furthermore, there is no evidence that the defendants had notice of Daniel committing prior malicious acts. Neither are there any facts to show Daniel acted maliciously in this case, only negligently.
¶ 19. The appellant cites to a New Jersey case which recognizes a special duty a passenger holds when accompanying a minor driver who holds only a learner's permit. Forker v. Pomponio, 60 N.J.Super. 278, 158 A.2d 849, 851 (1960). In Forker, the defendant was found guilty of negligence in his supervision of the driver of his car, a permittee, who ran into the rear of a car which was stopped at a stop sign. Id. The special duty for the licensee is provided by a statute in that state which indicates that a driver with only a permit must have a licensed driver in the vehicle who is actively supervising. Id. It is important to note that Mississippi's statute only requires that the licensee be seated in the front passenger seat and over the age of twenty-one. Miss.Code Ann. § 63-1-21 (Rev.1996).
¶ 20. Mississippi case law does recognize a duty of care for passengers in a vehicle. Mississippi Central v. Roberts, 173 Miss. 487, 504, 160 So. 604, 606 (1935).
A guest or passenger in a vehicle is not chargeable with the negligence of the driver over whom the passenger has no control, until the guest or passenger has become aware of that negligence and of the probable danger thereof and there upon fails reasonably to remonstrate or to escape, if escape be safely or reasonably possible.
Id. The law does not require the passenger to become what is "commonly called a `backseat driver' and that he must anticipate danger at all event whether it is apparent or not." Yazoo M.V.R. Co. v. Beasley, 158 Miss. 370, 380, 130 So. 499, 502 (1930).
¶ 21. Applying the standard to the case at bar, there is nothing in the record to show what Margaret was doing or saying when approaching the intersection, or to show that she knew, or had any reason to believe, that the driver would violate the law.

III. WHETHER THE EVIDENCE ESTABLISHES THAT THERE IS A GENUINE ISSUE OF MATERIAL FACT WHICH SHOULD HAVE PREVENTED THE TRIAL COURT FROM GRANTING SUMMARY JUDGMENT ON THE BASIS THAT THE APPELLEE NEGLIGENTLY ENTRUSTED HIS VEHICLE TO THE MINOR.
¶ 22. An owner of a vehicle can only be held liable for negligently entrusting their vehicle to another if the owner knew, or by the exercise of reasonable care should have known, that the individual using the vehicle was a "reckless or incompetent driver." F.B. Walker & Sons v. Rose, 223 Miss. 494, 507, 78 So.2d 592, 595 (1955). In such cases, the owner is deemed responsible for any injuries which may result as a proximate consequence of the user's "recklessness or incompetency." Id. at 595.
¶ 23. As shown by the record, Daniel was operating the vehicle in accordance with directives required of him by the *641 State of Mississippi. Miss.Code. Ann. § 63-1-33 (Rev.1996). Daniel was of sufficient age to hold a valid learner's permit. Id. He obtained that learner's permit by meeting all the requirements of the Mississippi Department of Public Safety. Id. Daniel had never received any citations and he had never been involved in any other automobile accidents prior to the date of this accident. Daniel was operating the vehicle in accordance with state law by having a licensed driver, Margaret Glascoe, over the age of twenty-one in the front seat of the vehicle with him. Id.
¶ 24. In order to demonstrate a case of negligent entrustment, plaintiffs must show that Jack knew or should have known that Daniel was "reckless or incompetent" as a driver of the vehicle, and that it was precisely this recklessness or incompetency which resulted in the appellant's injury. Under the record submitted before the trial court in the summary judgment proceedings, there was simply no evidence that Mr. Glascoe had reason to believe Daniel was a reckless or incompetent driver.
¶ 25. Accordingly, we rule that the trial court did not err in granting summary judgment in favor of the appellees.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. COSTS ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.