# United States Court of Appeals for the Fifth Circuit

_____

No. 23-60499
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2024

Lyle W. Cayce
Clerk

Bernice Rutland,

*Plaintiff—Appellant*,

*versus*

Robinson Property Group, L.L.C.; Cynthia Janie Scott,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:21-CV-234

_____

Before Wiener, Stewart, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Plaintiff-Appellant Bernice Rutland appeals the district court's grant of summary judgment in favor of Defendant-Appellee Robinson Property Group. We AFFIRM.

On September 14, 2019, Rutland and her sister-in-law went to the Robinson-owned Horseshoe Casino in Tunica, Mississippi. While playing a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

slot machine, Rutland was hit from behind by a motorized scooter. The scooter was operated by another patron, Cynthia Scott, who had rented it from Horseshoe for the day. Rutland complained to casino security of pain in her right leg but refused medical treatment and left the premises. She sued Robinson, Scott, and Desert Medical Equipment ("DME"), the Horseshoe's scooter supplier, for negligence. After DME was dismissed for failure to serve, the district court granted judgment in favor of Robinson and Scott.[1] Rutland appeals.[2] The district court had jurisdiction pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

On appeal, we review a district court's grant of summary judgment de novo. *United States ex rel. Schweizer v. Canon, Inc.*, 9 F.4th 269, 273 (5th Cir. 2021). Summary judgment is proper when the record shows that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In response to Robinson's motion for summary judgment, Rutland proffered only a single sworn declaration which consisted of the facts above plus conclusional allegations regarding Robinson's involvement. Rutland did not offer any other evidence of duty, breach, causation, or damages, elements

---

[1] In ruling on Robinson's motion for summary judgment, the district court also sua sponte dismissed Rutland's claims against Scott, who is apparently deceased. Rutland does not appeal the district court's ruling as to Scott.

[2] Rutland was represented in the district court, but appeals pro se.

required to sustain a negligence claim in Mississippi.[3] *See Clinton Healthcare, LLC v. Atkinson*, 294 So.3d 66, 71 (Miss. 2019). An affidavit is insufficient to defeat summary judgment when its factual averments are conclusional or based on mere belief. *Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (noting that a party cannot defeat summary judgment by "replac[ing] conclusory allegations of the complaint . . . with conclusory allegations of an affidavit"). Rutland thus failed to meet her burden to "come forward with competent summary judgment evidence establishing the existence of a material factual dispute." *See Clark*, 110 F.3d at 297.

Rutland contends that the district court erroneously ignored three issues of material fact in granting summary judgment: whether Robinson (1) rented the scooter to Scott, (2) owed Rutland a duty of care under premises liability law, and (3) failed to disclose the proper witness for depositions. As Robinson points out, however, even if these issues were disputed, they are not material because their resolution would not affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). This is because Rutland fails to offer sufficient evidence as to any of the required elements of negligence beyond her conclusional affidavit. *See, e.g.*, *Watson v. Johnson*, 848 So.2d 873, 878 (Miss. Ct. App. 2002) (affirming a grant of summary judgment when the plaintiff relied only on his sworn statement in opposition and failed to provide any medical evidence of injury, as "bare assertions are simply not enough to avoid summary judgment"). "[A] complete failure of

---

[3] Rutland brought claims against Robinson for negligence and negligent entrustment. These four elements are required for both causes of action. *See Warren ex rel. Warren v. Glascoe*, 852 So.2d 634, 640 (Miss. Ct. App. 2003).

No. 23-60499

proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Even if the three issues identified by Rutland were disputed, they are not material because they would not affect the outcome of the suit, given Rutland's failure to offer competent evidence of any of the essential elements of her claims.

AFFIRMED.